JULIUS BALKE, Defendant in Error, *vs.* CHAS. SWIFT, Plaintiff in Error.

1. *Fraudulent Conveyances—Personal property—Mortgages—Sale, bill of—Possession.*—In an action for the recovery of specific personal property by A. against D., it appeared that C. mortgaged this property to A., which mortgage was acknowledged and recorded. C. made a bill of sale of the same property to B., which was only intended to be a mortgage. This bill of sale was made after the first mortgage, but before the mortgage was acknowledged or recorded. The bill of sale was not acknowledged. C. remained in possession of the goods, but some months afterwards, and after the mortgage was recorded, B. took possession and sold the property to D. *Held,* that A. was entitled to recover the property from D.

### *Error to Jackson Circuit Court.*

*Trefren & Thomson,* for plaintiff in error.

*Gage & Ladd,* for defendant in error.

The bill of sale, not being followed by possession or recorded, was absolutely void as to creditors and subsequent purchasers. (W. S., 281, § 10.)

The certificate of the recorder says the acknowledgment was on the mortgage when it was filed for record, to wit: Aug. 23rd. The date, then, of the acknowledgment is clearly a clerical error.

SHERWOOD, Judge delivered the opinion of the court.

Action for the recovery of specific personal property; petition in usual form.

The defendant, Swift, in his answer, set up a claim to the property in controversy, a billiard table, as the bailee thereof under one G. B. Wood, whom he alleged was the owner, and denied that plaintiff was entitled to recover. The reply was a mere denial of the allegation of the answer. The cause was tried by the court, a jury having been waived, and resulted in a judgment for the plaintiff.

The evidence tended to show that Meredith B. Hedges bought the property of Julius Balke, paid a portion of the purchase money down, and was to execute his notes secured by mortgage on the property for the residue; that he succeed-

ed, however, by urging the necessity of haste in opening his saloon, in obtaining possession of the table, under the promise of executing the note and mortgage, the execution of which was for some time delayed.

The mortgage was executed on the 15th day of July, 1866, but was not delivered to Ensel, the agent of Balke, for some weeks afterwards; but immediately upon such delivery the mortgage was forwarded to Independence to be recorded, which was done on the 23rd of August.

The certificate of acknowledgment it is true, bears date December 5th, 1866, but the certificate of record recites that the mortgage with the acknowledgment thereon, was duly recorded August 23rd, 1866.

I pass this without further comment, regarding it as a mere clerical error, and not as constituting any valid ground of objection to the introduction of the deed in evidence.

It also appears, that Hedges the next day, i. e., the 16th day of July, after he had signed the mortgage, executed and delivered to Wood a bill of sale for the property in question, together with other property, amounting in the aggregate to over $2,000 in value, to secure him for an advancement of $1,055 to Hedges, to enable the latter to furnish the saloon.

No change of possession accompanied the alleged sale, but the place where the table was kept, continued to be known as "Hedges' Saloon."

Nor was the instrument purporting to convey the property to Wood, acknowledged or recorded. This state of things so remained until January or February, 1867, when Wood took possession of the saloon and all of its fixtures, &c., took two of the billiard tables to Kansas and rented the other one, the one in question, to Swift.

The objection was raised by the defendant, that the mortgage deed could not be read in evidence because he claimed a special title in the property adverse to the plaintiff, and such deed was not acknowledged and recorded as required by law. But evidently he under whom the defendant claimed, was in no condition to assert any lack of this particular, as the in-

strument on which he founded his claim had not been either acknowledged or recorded. Nor was there any mutation of the possession of the property. The mortgage was clearly good, as between the parties thereto, without acknowledgment or registry, and although not recorded until after the bill of sale to Wood, yet it was placed on record long prior to the time Wood took possession of the property.

Our statute respecting fraudulent conveyances, (1 W. S., 280, § 5,) provides, that "when any reservation or limitation shall be pretended to have been made of any use of property, by way of condition, reservation, or remainder or otherwise, in goods or chattels, the possession whereof shall have remained in another, the same shall be taken, as to all creditors and purchasers of the person so remaining in possession, to be void, and that the absolute property is with the possession unless such loan, reservation or limitation of use or property, was declared by will or deed in writing proved or acknowledged, and recorded as required by the preceding section."

The evidence shows that the bill of sale, though absolute on its face, was only intended as a mortgage, or reservation of the property therein conveyed, and the statute above cited is precisely applicable therefore, to such a case as the one under discussion.

For these reasons, although error may perhaps have been committed in giving the declarations of law on the part of the plaintiff, yet as the judgment was for the right party, that judgment will, with the concurrence of Judges Vories and Wagner, be affirmed. Judge Adams absent, Judge Napton not sitting.