———o———

GEO. B. WOOD, Appellant, *vs.* L. H. ENSEL, Respondent.

63 193
31a 410
33a 211
63 193
123 54
63 193
135 392
63 193
145 567
63 193
91a 434

1. *Res adjudicata—Former suit—Parties to, who are.*—In order that the rights of a party may be held as adjudicated by the judgment in a former suit, it is not necessary that he should have been a party to the record of that suit. Thus, where it appeared from the testimony of the party himself that he was an active participant in the former trial respecting the same subject matter, claimed the property in dispute as his own, appeared as a witness in the case, and assumed control of it, and employed and paid attorneys to attend to it, those facts were held sufficient to constitute him a party to the former action, although not made a party to the record.

*Appeal from Jackson Circuit Court.*

*Chas. I. Thompson,* for Appellant, cited: Vooght vs. Winch, 2 Barn. & Ald. 662 ; Goddard's case, 2 Coke, 4 ; Howard vs. Mitchell, 14 Mass. 241 ; Church vs. Leavenworth, 4 Day's Ca. Ev. 277; Outram vs. Morewood, 3 East. 346 ; Cole vs. Blayton, 16 Ia. 10 ; Alexander vs. Taylor, 4 Den. 302 ; Thomas vs. Sterns, 33 Ala. 137 ; Coleman vs. McMurdo, 5 Rand. 51 ; Pico vs. Webster, 12 Cal. 140 ; Yorks vs. Steele, 50 Barb. 397.)

*Gage & Ladd,* for Respondent, cited : 1 Greenl. Ev., 12 ed., §§ 523, 531 ; Harvie vs. Turner, 46 Mo. 444 ; Lovejoy vs. Murray, 3 Wall. 1 ; Stoddard vs. Thompson, 31 Iowa, 80 ; Valentine vs. Mahoney, 37 Cal. 389 ; Dame vs. Wingate, 12 N. H. 296 ; Adams vs. Barnes, 17 Mass. 368 ; Isaacs vs. Clark, 12 Vt. 692 ; Young vs. Black, 7 Cr. 565 ; Reynolds vs. Stansberry, 20 Ohio, 344 ; Marsh vs. Pier, 4 Rawle, 273 ; Cist vs. Zeigler, 16 S. & R. 282 ; Man vs. Drexel, 2 Barr. 202.

13—VOL. LXIII.

SHERWOOD, Judge, delivered the opinion of the court.

Action for the recovery of specific personal property.

The defendant denied the allegations of the petition, and alleged that he was the mere bailee of the owner, Julius Balke, etc., etc. It is shown by the record that the subject matter of this suit, a billiard table, was in litigation heretofore between Julius Balke and Chas. Swift. The case was reported in 53 Mo. 85.

In consequence of the admission in evidence of the record of that case, the plaintiff took a non-suit, and, after vainly endeavoring to set the same aside, appeals to this court. The only question, therefore, for solution is the propriety of the above rulings.

It is a matter of no moment that the record, whose introduction was resisted, did not show that the name of the plaintiff in this action appeared as an actual party on the record thus offered in evidence. It was quite sufficient that the testimony of the plaintiff himself showed that he was an active participant in the former trial respecting the same subject matter, claimed the property in dispute as his own, appeared as a witness in the case, and in the absence of Swift (who claimed to hold only as plaintiff's bailee) assumed control of the case, and employed and paid attorneys to attend to it. These facts bring the plaintiff very clearly within the definition of a "party" to the action he thus defended. This point is settled by abundant authority, and met with recent recognition in the case of Strong vs. The Phœnix Ins. Co. (62 Mo. 289.)

And it is equally clear that the record referred to could be pleaded, or with like effect offered in evidence. And the case just cited is decisive also of this. For these reasons the judgment recovered in the former action must be regarded as a bar to the prosecution of the present one.

The judgment is affirmed ; the other judges concur.