BIERMAN v. CRECELIUS *et al.*, *Appellants.*

Division Two, October 7, 1896.

1. **Ejectment:** EQUITABLE DEFENSE: BURDEN OF PROOF. The burden is on the defendant in ejectment to establish an equitable defense interposed by him.

2. **Res Judicata:** PARTIES. It is not always essential that one should be a party to the record in order that his rights may be bound by a previous adjudication.

3. ———: ———. DEED OF TRUST. A decree in an action to enforce an interest in a note secured by a deed of trust, *held,* binding on the grantor in such deed.

*Appeal from St. Louis County Circuit Court.* — HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

*Clopton & Trembley* for appellants.

(1) The trial court erred in holding that defendants were not entitled to have their equitable defense considered because of the pendency at that time of the injunction proceeding in the city of St. Louis. (2) The court erred in holding that the decree of the circuit court of the city of St. Louis, in the cause of *Anna C. Crecelius v. Paul H. Bierman*, referred to in plaintiff's reply, was a bar to the equitable defense pleaded by defendants. (3) The court erred in sustaining plaintiff's objection to the following question asked Mrs. Charlotte Crecelius concerning the deed of trust of April 13, 1889, viz.: "What debt were you securing when you signed that deed of trust?" (4) The court erred in admitting in evidence, over the objection of defendants, the pleadings in the injunction proceeding then pending in the circuit court of the city of St.

Bierman v. Crecelius.

Louis, and likewise erred in admitting in evidence, over the objection of the defendants, the pleadings filed and the decree rendered in the cause of *Anna C. Crecelius v. Paul H. Bierman.* The court also erred in failing to sustain objections by defendants to testimony given by Bierman in rebuttal leading up to the introduction in evidence of a so-called agreement signed by Bierman only, and known as "Exhibit number 1." (5) Under all the evidence admitted, defendants are entitled to the relief prayed for.

*J. K. Hansbrough* for respondent.

(1) The first two suits, pleaded in this case, are a complete bar to defendant's equitable defense. (2) All the notes secured by the deed of trust were admittedly unpaid and due, and were payable to plaintiff by their terms, then the only way left defendants to prevent a sale under the deed of trust was to pay the notes; it being of no consequence to them whether Bierman held the notes as his own or as trustee, especially, as it is not shown or even alleged that the alleged owners of the notes objected to the payment to Bierman, or opposed his course in collecting the money by a sale of the property. And, as the notes were not paid, and as there was no offer to pay them, the sale was rightfully and legally made, and the title passed beyond recall. (3) On the merits, defendants have completely failed to make out their case. The burden was on them. Not only have they failed to support their contention by a preponderance of testimony, which they were bound to do before they could succeed, but they have signally failed to make a *prima facie* case.

GANTT, P. J.—This is an appeal from a judgment in ejectment for real estate in the city of St. Louis. The ouster was laid as of July 24, 1893.

It was admitted that the legal title to the property was in plaintiff and the sole question for determination in the circuit court and in this court was and is the sufficiency of the equitable defense interposed in the circuit court, which defendants were bound to sustain or fail in their defense. *Schuster v. Schuster*, 93 Mo. 438; *Ledbetter v. Ledbetter*, 88 Mo. 60.

The equitable defense relied upon was, in substance, that plaintiff ought not be allowed to recover the land and eject defendants because plaintiff held the legal title in part in trust for Mrs. Anna C. Crecelius, the mother of C. C. Crecelius. That trust was created in the following manner, to wit: On the thirteenth day of April, 1889, defendant C. C. Crecelius was indebted to Mrs. Annie B. Bierman, in the sum of $981.40, and to Mrs. Anna C. Crecelius in the sum of $2,000 for money loaned by said parties to said C. C. Crecelius and interest thereon to the amount of $120; that at said date Charlotte Crecelius, the wife of said C. C. Crecelius, was the owner in fee of said real estate; that on said thirteenth of April, 1889, Mrs. Bierman, through plaintiff Paul Bierman loaned to defendant C. C. Crecelius the further sum of one ($1,000) thousand dollars; that on said date defendants C. C. and Charlotte Crecelius executed another note for $601.40 due one year after date thereof and one note for $3,500 due in three years together with six notes for $105 for interest on said $3,500 note. That on said day defendants, C. C. Crecelius and wife executed a deed of trust on the property in dispute to secure said notes; that afterward, on July 10, 1893, the said property was sold to satisfy said notes on the alleged ground that they were all due and at said sale Bierman, the plaintiff, bid it in for $3,900 and received a trustee's deed thereto.

It is then alleged that of the sum of $4,101.40

represented by said notes $2,120 thereof was the property of Mrs. Anna Crecelius, the mother of C. C. Crecelius; that while said notes were made payable to plaintiff he agreed to hold the same in trust for Mrs. Anna Crecelius according to her interest therein.

It is then further alleged that defendants had paid plaintiff $579.50 on the part of said indebtedness due his wife; that there only remained of the debt due Mrs. Bierman on the day of sale $1,181.76 which defendants were always ready to pay and which amount they tendered plaintiff before the sale; that pending said sale defendants brought a suit in the circuit court of St. Louis to restrain said sale but being unable to give an injunction bond, the property was sold and bought by plaintiff with full notice of said suit for injunction. They, therefore, prayed an accounting and that defendants by paying the amount due might redeem said real estate and plaintiff's trustee's deed be set aside and canceled.

Plaintiff in his reply denied all the allegations of new matter. For further reply plaintiff admitted that Mrs. Charlotte Crecelius was the legal owner in fee of the real estate on April 13, 1889; admitted defendants executed the notes in amounts as stated in the answer, and the deed of trust executed to secure the same; the sale by the sheriff for default in payment and the purchase by plaintiff.

"Plaintiff further says, that the entire sum of $4,101.40 represented by the said two notes for $601.40 and $3,500 respectively, and secured by said deed of trust, mentioned in defendant's answer, at the date of said deed of trust, was owned by him; and neither said Anna C. Crecelius, nor anyone else, had any interest whatever in said notes or the debt represented by them; and at the time of the sale under said deed of trust, by Patrick M. Staed, as aforesaid, the said

note for $3,500 was still his property, which, with considerable interest thereon, was then due and owing to plaintiff; and at the time of said sale said note for $601.40 was due and unpaid, and the property, as plaintiff is informed, of Mrs. Louisa Knoebel; and after the said sale, said note was paid off and taken up with the proceeds of the sale.

"Plaintiff further says, that defendants did bring the suit mentioned in their answer, against this plaintiff, Annie B. Bierman and Patrick M. Staed, in the circuit court of the city of St. Louis, Missouri, to the October term, 1893, of said court; that said defendants were, by summons, duly brought into said court, and it had jurisdiction of both the subject-matter and the parties; and that the same is now pending therein, and still undetermined. That the cause of action therein stated, against this plaintiff, as one of the defendants, is the same, and none other, as the equitable defense set up in this action against the plaintiff; and Annie B. Bierman and Patrick M. Staed, the other defendants in said suit, have no interest in the subject-matter thereof, and are only formal parties to the suit.

"Plaintiff further replying, says that on the fourth day of December, 1893, in an equitable action, then pending in the circuit court of the city of St. Louis, Missouri, by said Anna C. Crecelius against this plaintiff, and August Gehner and Patrick M. Staed, as trustees in said deed of trust, said Anna C. Crecelius sought to enforce against this plaintiff the same cause of action as is now set up by defendants as the basis of their equitable defense to this suit; that said Anna C. Crecelius, in said suit, claimed to be the owner of the same interest in said notes as defendants now here claim for her, and asked for a judgment and decree against plaintiff enforcing such claim; that in

said suit the court, on the said fourth day of December, found the issues in favor of defendants, and that said Anna C. Crecelius had no interest in said notes and the deed of trust securing the same, and entered its final decree and judgment that she take nothing by her suit, and that defendants recover their costs; and that said judgment and decree are final, unreversed and unappealed from; and the defendants had the management and control of said suit, and testified as witnesses at the trial thereof, and the same was prosecuted at their instance and for their benefit. Wherefore, plaintiff asks judgment as prayed for in his petition."

Before the trial, defendants moved the court that Annie Bierman, wife of Paul H. Bierman, and Anna C. Crecelius, mother of Chas. C. Crecelius, be impleaded and made parties to this proceeding; which motion was overruled and defendants excepted.

As premised the circuit court found the issues for plaintiff and we are asked to reverse it.

I.  There was no error in admitting in evidence the decree of the St. Louis circuit court in the cause of *Anna C. Crecelius v. Paul H. Bierman* for the reason that defendant's defense in this case is based upon the averment that Mrs. Anna C. Crecelius was the equitable owner of $2,120 of the note for $4,101.40, and it is clear that the identical claim was made by Mrs. Anna, Crecelius in her case in the circuit court and defendants testified in that trial and prompted counsel in examing and cross-examining witnesses and the decree in that case was adverse to Mrs. Anna Crecelius and is final as no appeal had been taken therefrom.

Seeking as defendants do now to avail themselves of a plea that Mrs. Crecelius owns a part of the notes for which their land was sold, it is too plain for argument that they are bound by that decree. If she can

not litigate that question again, neither can they for her. *Strong v. Phoenix Ins. Co.*, 62 Mo. 289; *Wood v. Ensel*, 63 Mo. 193; *Young v. Byrd*, 124 Mo. 590. They assert no right in themselves but aver that their mother owns said proportion of the note made to plaintiff.

As Mrs. Crecelius had made the same claim in her own behalf in a court of competent jurisdiction and that court had adjudged she was not entitled thereto, it is a complete estoppel in any collateral suit in which the claim is again asserted in her right.

But had defendants not been met by this former decree, their plea is insufficient. On its face it discloses that Bierman, the plaintiff, is trustee for Mrs. Anna Crecelius. If so he had full authority to order the sale for her benefit and his own. Clearly so, inasmuch as, according to the plea, their interests had not been severed. As her trustee he was liable to her and not to her son and daughter-in-law. She and not they must enforce that trust. At all events the plea in no manner prevented the devolution of the title to plaintiff.

It is not even alleged that Mrs. Crecelius or Mrs. Knoebel, the holder of the note for $601.40 made any objections to the sale and it is certain Mrs. Knoebel received payment of said note from the proceeds and her agent was present and bid at the sale. The answer stated no defense to the action of ejectment.

II. But at the invitation of counsel, we have carefully considered the case on the merits and we find that there is no evidence sustaining the claim that this land was conveyed by Crecelius and wife in trust for their mother except that of Chas. C. Crecelius himself. His evidence was heard by the trial court. His version of what items entered into and made up the amount of the note for $4,101.40 is extremely unsatisfactory, standing alone, but when it is considered with the evi-

dence of plaintiff's witnesses as to his admissions in direct conflict with his evidence on the trial it forms a most uncertain basis for a decree.

Under the evidence it became largely a question of credibility, and the judgment of the trial court to which we are disposed to defer in conflicts of oral evidence was abundantly sustained. That court saw and observed the witnesses and it found that Mrs. Crecelius owned no part of the note of $4,101.40, but that note was the result of an accounting between plaintiff and said defendants. In it was a $2,000 note given by C. C. Crecelius for stock held by Bierman in the Fifth National Bank and the moneys paid in for new stock which was never issued; $1,000 cash loaned, and the balance of principal and interest on a $1,500 note, taxes and costs of sale.

It would subserve no good purpose to enter into a minute discussion of the testimony. Two chancellors with the witnesses before them have found against this claim of defendants and as the matter is peculiarly one of credibility and the finding appears to be in consonance with the weight of the evidence we shall affirm the decree. Judgment affirmed. SHERWOOD and BURGESS, JJ., concur.