J. F. WESTERMAN, Appellant, v. PAUL H. SCHMIDT et al., Respondents.

### St. Louis Court of Appeals, May 2,.1899.

Deed of Adoption: AGREEMENT TO MAKE ANOTHER HIS HEIR. In the case at bar all the rights to which plaintiff is entitled are derived from the provisions in his favor of the contract in suit; the utmost that appellant can claim by virtue of that agreement is that it made him an ex-heir of his stepfather. Held, that such an agreement is not tantamount to a contract to give the promisee the estate nor any portion thereof of the promisor, and can not be expanded so as to prevent the promisor from making any disposition of his estate which he sees fit.

*Appeal from the Lincoln Circuit Court.*—HON. ELLIOTT M. HUGHES, Judge.

AFFIRMED.

NORTON, AVERY & YOUNG for appellant.

In the case of Nealy v. Simpson, 113 Mo. 340, we find a case very similar to the one at bar. See the instrument sued on as the basis of the action set out in full on pages 342, 343. They are also similar in the fact that the estate was all personalty, and also in the pleadings. In fact, the pleader in the case at bar had this case before him at the time he drew the petition. There, in a suit between plaintiff, who claimed under a contract, as does this plaintiff, against the heirs of the person making the contract on the other side, was permitted

to recover on evidence very similar as given in the one at bar. The case of Nowack v. Berger, 133 Mo. 24, was a case for specific performance grounded on facts almost identical with the one at bar. There a widow with a son, in consideration of a promise of marriage, contracted with one Schwerr that he should take, adopt, support and treat her son at all times as his own natural child, and should be given a share in the estate equal to what one of his own children would receive should he die intestate. And afterwards by will cut out Nowack. Judge Sherwood, in a very exhaustive and learned opinion, after reviewing the decisions in this state and other tribunals, very emphatically declares that the plaintiff is entitled to the relief asked, and so decrees it. These cases, it seems to us, should certainly be decisive of the one at bar.

MARTIN & WOOLFOLK for respondents.

Courts of equity will decree specific performance of verbal contracts to give an estate where there has been part or complete performance on the theory that courts of law would hold such contracts void under the statute of frauds. Gupton v. Gupton, 47 Mo. 37; Sutton v. Hayden, 62 Mo. 112. In every case where such a question as this has been raised in this state the cause of action declared on was a verbal contract with part or complete performance alleged and proved as a ground of equitable relief. Gupton v. Gupton, 47 Mo. 37; Sutton v. Hayden, 62 Mo. 112; Sharkey v. McDermot, 91 Mo. 647; Davis v. Hendricks, 99 Mo. 478. Or a contract, the specific performance of which would operate upon real estate and no case can be found where there is a written agreement and the performance of such a contract has been decreed where the decree would operate only on personal property as in this case. Cases above cited, and Teats v. Flanders, 118 Mo. 660; Nowack v. Berger, 133 Mo. 24; Fuchs v. Fuchs, 48 Mo. App. 18.

BOND, J.—This is a suit in equity for one-seventh of the estate consisting entirely of personal property of the value of $4,000, left by John Schmidt at his death in 1896, on the following contract: "This agreement made and entered into this —— day of March, 1875, by and between John Schmidt of the county o⸍ Lincoln and state of Missouri, Catherine Schemme of the county of St. Charles, in the state aforesaid, witnesseth: That the said John Schmidt and Catherine Schemme being about to enter into the bonds of matrimony, and the said Catherine Schemme being desirous of making provision for her two children named as follows: J. Frederick Westerman and J. W. Theodore Schemme, now for the purpose last aforesaid I, the said John Schmidt, do hereby adopt the two aforenamed children to all the rights, privileges in and to my estate and assume for them all the obligations resting upon me by law as if they were heirs by me lawfully begotten, it being my intention to place them in the attitude before the law as my lawful heirs by me begotten; and the said Catherine Schemme, on her part, agrees likewise to accept the children of the said John Schmidt and treat them in all respects as a mother should."

The above contract was signed by John Schmidt and Catherine Schemme. While it fails to show the exact date of its execution, the facts bearing on that issue are as follows: On the twenty-ninth of March, 1875, John Schmidt, a widower with children, and Catherine Schemme a widow with two children, each being the result of a different marriage, intermarried, for which purpose they met at the house of a daughter of the groom, Mrs. Tweihaus, Schmidt arriving about noon and Mrs. Schemme about one o'clock, and the marriage taking place about two o'clock. There is no testimony that the above contract was signed by the parties thereto before their marriage. Mr. and Mrs. Tweihaus testified that neither of them knew of its execution while the parties were at their house; that after the ceremony was performed the parties remarked

Westerman v. Schmidt.

STATEMENT. they would go over to a neighbor's, Mr. Gurdeman, "to get their contract written," and that they went over to Gurdeman's house for that purpose on the following day. In December, 1875, the husband and wife came to the office of an attorney, Mr. McKee, in Troy, Lincoln county, to get him to prepare a deed of adoption by Schmidt of the two sons of his wife and her two former husbands, Schmidt remarking to the attorney that nobody in St. Charles or Lincoln county could read the former contract "and we just got married anyhow." The deed of adoption of plaintiff and his half brother was thereupon duly executed by said Schmidt and recorded as required by law. Plaintiff was then about fifteen years of age, and continued to reside with and work for his stepfather until his maturity. At the death of the latter his estate, consisting entirely of personal property, with the exception of $5 bequeathed to plaintiff, was bequeathed to his own children and to plaintiff's half brother. Plaintiff brings the present action for a specific performance of the above contract and a decree in his favor for a one-seventh interest in the estate of John Schmidt, deceased, after the payment of debts and the widow's allowance, praying further that the defendant as executor of said estate be required to pay over to plaintiff "such an amount as will equal the one-seventh of said estate" after due administration. The administrator, widow and heirs, were made defendants, and all, except two, who made no answer, answered by a general denial. The court dismissed plaintiff's petition, from which decree he appealed to this court.

Conceding, for the purpose of examining its legal effect, that the contract in suit was signed by the parties before their intermarriage, though the evidence seems to point to the contrary, the question is what right did it guarantee to the plaintiff in the estate of his stepfather? The language employed is too plain for misconstruction. It was clearly the intention of the parties to the instrument to put the plaintiff and his brother

in the same legal status towards John Schmidt and his estate which they would have occupied had they been begotten by him in lawful wedlock. To put this beyond cavil, he inserted the following language in the above contract: "I, the said John Schmidt, do hereby adopt the two aforenamed children to all the rights, privileges in and to my estate, and assume for them all the obligations resting upon me by law as if they were heirs by me lawfully begotten, it being my intention to place them in the attitude before the law as my lawful heirs by me begotten." This language by clear import imposes upon Schmidt the obligations due from a father to his lawfully begotten children, and gives the plaintiff and his brother all the rights and privileges of his lawful heirs, and nothing greater. No other meaning can be attached to this provision of the contract if any regard is to be paid to the terms in which it is expressed, and as courts sit to enforce, not to make contracts, we have no power to set aside the plain meaning of an unambiguous agreement. Taking it therefore that John Schmidt, as he said, contracted "to adopt" as his heirs the two children of his intended wife, and conceding that such contract, though not acknowledged and recorded, as required by section 968 of the revision of 1889, will be treated in equity, as if it had been legally consummated, the further question is did it operate to hinder John Schmidt in the further disposition of his estate by will? Necessarily it could not have that effect. For by adoption as heir the person so becoming the heir of another acquires only the rights of an RIGHTS of adopted heir, and as the latter may be excluded by the will of his parent, so the adopted child may be cut off from his heritable rights by the devise of his adopted father. Moran v. Stewart, 122 Mo. loc. cit. 298. Likewise in the case of intestacy of the adoptive parent an adopted child would have all the rights as to his estate which belong to a child born in wedlock, and if the estate of the intestate has been adjudged to other heirs the adopted child may assert his

right thereto in equity under a written contract, 'though lacking the requirements of a statutory deed of adoption,which is good "as a contract for adoption." Healey v. Simpson, 113 Mo. loc. cit. 346. In the case at bar all the rights to which plaintiff is entitled are derived from the provisions in his favor of the contract in suit. The utmost that he can claim by virtue of that agreement is that it made him an heir of his step-father. It has been expressly decided by our supreme court that an agreement by one to make another his heir, is not tantamount to a contract to give the promisee the estate, or any portion thereof, of the promisor, but is merely equivalent to a deed of adoption under the statute, and can not be expanded so as to prevent the promisor from making any disposition of his estate which he sees fit. Davis v. Hendricks, 99 Mo. 478-483. The principle settled in the case cited is identical with the one presented in the case at bar, and the contracts in neither fall within the rules applied to the contracts under review in Gupton v. Gupton, 47 Mo. 37, which was a suit for the specific performance of a contract to make a will in favor of the plaintiff. Sutton v. Hayden, 62 Mo. 101, a suit to enforce a contract giving plaintiff all the property of the decedent at her death. Sharkey v. McDermott, 91 Mo. 647, where the contract sought to be enforced was to leave the plaintiff "their property at their death." Nowack v. Berger, 133 Mo. 24, where the contract was that plaintiff should receive and be given a share in the estate equal to that which would belong to the decedent's children if he died intestate, which was to be effectuated during the lifetime of the deceased "by last will or other means of conveyance." In each of these cases the contract in question, in express terms, limited the future disposition of the estate sought to be recovered. In the case at bar the contract of John Schmidt placed no restraint whatever upon his power to dispose of any part of his estate, it merely obligated him to give the plaintiff, by adoption, the status of a lawful heir, which the record shows was subsequently done

by the execution of a statutory deed of adoption. As it has been seen that neither this deed of adoption, nor the anterior contract to adopt, deprived the maker of the two instruments of the absolute power to dispose of his property by will or otherwise, it follows that the present action to set aside the bequests contained in a valid will made by John Schmidt must fail. Had plaintiff's adopted father died intestate plaintiff would have been a co-heir of the estate. As the adopted parent preferred to devolve his estate by will, plaintiff can claim only under the terms of that testament. The decree of the trial judge is manifestly right, and is affirmed. All concur.