CHARLES S. GILL, Trustee in Bankruptcy of the CRAMER SAFE COMPANY, Respondent, v. ELY-NORRIS SAFE COMPANY, Appellant.

Kansas City Court of Appeals, April 7, 1913.

1. **PRACTICE, TRIAL: Jury Waived.** Where case was submitted to the court with no demand for a jury, the same is waived, even if a jury is a matter of right.

2. ———: **Action at Law or in Equity.** The only reason for preserving the distinction between an action at law and one in equity under our code is so that either party may have a jury if he demands it.

3. **EQUITY: Jurisdiction: Adequate Remedy at Law.** Where the primary right to be protected or redressed is equitable and there is an adequate remedy at law, the case falls within the concurrent jurisdiction of equity. But if the primary right is strictly a legal one and a court of law can do complete justice, equity has no jurisdiction.

4. **BILL OF SALE: Mortgages: Fraudulent as to Creditors.** A bill of sale absolute on its face but which in fact is a mortgage given on a stock in trade, under which no possession is taken until long after its execution, is void as to creditors, under State law.

5. ————: **Bankruptcy: Voidable Preference.** Such bill of sale is void under the Bankrupt Act since, under the facts of this case, it constitutes a voidable preference made by a bankrupt within four months of the filing of the petition in bankruptcy.

6. **BANKRUPTCY: Debts and Assets: Insolvency.** Where a concern's debts are greater in amount than the aggregate of all its assets, then it is insolvent within the meaning of the Bankrupt Act which meaning is not as broad as the word means when used in common parlance.

7. ————: **Notice of Preference: Four Months.** The four months begin to run from the time the creditors have in some form received actual or constructive notice of the transfer or preference.

Appeal from Jackson Circuit Court.—*Hon. Jas. H. Slover,* Judge.

AFFIRMED.

*House & Manard* and *W. J. Allen* for appellant.

(1) As the sale to defendant was made and possession of the property taken by it prior to the adjudication in bankruptcy, the finding of the court that the bill of sale was fraudulent as to all creditors was erroneous, and its judgment cannot stand. In re Cooperage & Lbr. Co., 180 Fed. 105; Davis v. Turner, 120 Fed. 605; Bank v. Bank, 136 U. S. 223; Carriage Co. v. Wells, 99 Mo. App. 641; Thompson v. Massey, 76 Mo. App. 197; Milling Co. v. Com. Co. 128 Mo. 473; (2) The authorities are agreed that book entries are

not admissible in evidence unless they were made rea- sonably contemporaneous with the facts to which they relate, by parties having personal knowledge of the facts, and are corroborated by their testimony, if living and accessible, or by proof of their handwriting, if dead, or insane, or beyond reach. Seligman v. Rogers, 113 Mo. 657; Chaffee v. United States, 18 Wall. 516, 21 L. Ed. 1908; Maxwell v. Wilkinson, 113 U. S. 658, 28 L. Ed. 1038; Bates v. Preble, 151 U. S. 156, 38 L. Ed. 109; Putnam v. United States, 162 U. S. 695, 40 L. Ed. 1121; Re Tully, 22 Blatchf. 217, 20 Fed. 815; Glenn v. Liggett, 47 Fed. 480. (3) When one is to be charged for the value of stock the market should be taken if it can be ascertained. This is determined by sales in the market at or about the time. No sales were shown. Morgan v. Wood, 38 Mo. App. 255; O'Connell v. Nicolson, 67 Mo. App. 657; Douglas v. Merceles, 25 N. J. Eq. 147; Dana v. Fielder, 12 N. Y. 40. (4) Fraud, it is true, may be shown by circumstances, but such curcumstances, to prove it, must be shown as excludes every other reasonable hypothesis. Hoeller v. Haffner, 155 Mo. 589; Black v. Epstein, 221 Mo. 286.

*A. N. Gossett* for respondent.

(1) The bill of sale being held secret for five months, absolute on its face and in fact given as security, is fraudulent in law and in fact. Bankrupt Act, sec. 1, cl. 25; Bankrupt Act, sec. 60, par. a; Bankrupt Act, sec. 67, pars. a and e; Pattison v. Letton, 56 Mo. App. 325. (2) The bill of sale and transactions thereunder between the defendant and the Cramer Safe Company were void under the Bankrupt Act as a preference by an insolvent debtor; and the trustee in bankruptcy has a clear right to maintain this suit and the judgment is indubitably justifiable under such law whether fraudulent in fact or in law. Bankrupt Act, sec. 1, cl. 25; Bankrupt Act, sec. 3, par. b; Bank-

rupt Act, sec. 60, par. a; Re Sheridan, 98 Fed. 406; Re Klingman, 101 Fed. 691; Re Gillett, 104 Fed. 769; Re Brick Co., 179 Fed. 525; Landis v. McDonald, 88 Mo. App. 335; Babbitt v. Kelly, 96 Mo. App. 529. Honesty of intent is immaterial. 5 Cyc. 295 and 296.

TRIMBLE, J.—This is a suit by the trustee in bankruptcy of the Cramer Safe Company to set aside an alleged bill of sale made by the Cramer Safe Company to defendant, to recover funds of said company appropriated by defendant after the execution of said bill of sale and to obtain the remainder of the Cramer Company's property held by defendant, or its reasonable value, at the trustee's election.

The first answer was a general denial, but later an amended answer was filed admitting the execution of the bill of sale and stating the reasonable value of the property described therein to be not more than $1200. The answer further alleged that defendant had paid $236.75 to plaintiff by mistake and that plaintiff had collected $50 belonging to defendant, and then asked a judgment for $286.75. For a further defense the answer set up that at the date of the bill of sale the Cramer Company was indebted to defendant in the sum of $3704.52; that between said date and June 24, 1909, said Cramer Company became further indebted to defendant in the sum of $1226.48, but that said Cramer Company had paid on the indebtedness accruing prior to January 27, 1909, $1016.94, leaving due defendant the sum of $3183.44, which the court was asked to decree as a claim against the estate of the bankrupt and to declare it a set-off against any amount found due from defendant on account of any property of the bankrupt received into defendant's possession.

The case was tried and submitted by both sides as one in equity. The chancellor found the bill of sale

was fraudulent and void as to creditors of the Cramer Safe Company, that defendant prior to the institution of the suit had received $334.95 as proceeds of property belonging to said bankrupt, and had converted to its own use $500 in tools and machinery, $50 in office furniture and $1539 in safes which plaintiff should recover of defendant.    The decree, therefore, adjudged the bill of sale fraudulent and void, and rendered a judgment in favor of the trustee for $2423.95 and denied the relief prayed for by defendant.

Defendant appeals, and one of its grounds is that the petition and evidence does not entitle plaintiff to equitable relief.

We take this to mean, either that the suit cannot be maintained in equity because plaintiff has an adequate remedy at law, or that the evidence is not sufficient to entitle plaintiff to recover, and not that, for any other reason, plaintiff should have sued at law instead of in equity.  The only reason for preserving the distinction between an action at law and one in equity, under our code, is in order that either party may demand and have a jury if the case be one at law. [McKee v. Allen, 204 Mo. l. c. 604.]  In the case before us the cause was submitted to the court with no demand for a jury, no point was made as to the method of trial, no demurrer to the evidence submitted, no request made for declarations of law, and no point raised in the motions for new trial or in arrest that there was no jury trial.  Hence, even if it were purely a law case, a jury was waived.  [Barber Paving Company v. O'Brien, 128 Mo. App. l. c. 78.]  And if the petition states a cause of action and the evidence is sufficient to sustain a judgment and the latter is within the pleadings, plaintiff must prevail.  [Bagley v. Tyler, 43 Mo. App. l. c. 201.]

But, as to the point that there is an adequate remedy at law, we are of the opinion that, even if plaintiff has a legal remedy, still this case falls within

the concurrent jurisdiction of equity. [Pomeroy on Equity, sec. 139.] The cases cited by defendant on this point are where the primary right to be protected is strictly a legal one and a court of law can do complete justice. In such cases, equity has no concurrent jurisdiction. [Pomeroy on Equity, (3 Ed.), sec. 176.] The case we are considering, however, has as the primary right to be protected, a right in equity, i. e., to have an outright bill of sale declared a mortgage and then cancelled as fraudulent. In addition to this, the various kinds of relief asked both in the petition and in the answer make it properly a suit in equity. Moreover both parties treated the case in the circuit court as one in equity, and neither should permitted to afterwards shift in theory or position on this point. [Roselle v. Beckemeier, 134 Mo. 1. c. 392.]

To properly understand the points hereinafter considered it is necessary that the facts be first briefly stated.

Defendant, a New Jersey corporation with offices in that State, is a manufacturer of safes. The Cramer Safe Company, located in Kansas City, was engaged in selling new and second-hand bank and other safes and doing repair work on others. Safes sent by defendant to it on consignment remained the property of defendant until sold, though sometimes the Cramer Company would receive the proceeds of a sale and keep the same giving defendant a note therefor. All new safes of other makes and second-hand safes received by the Cramer Company in exchange for safes sold by them were the property of the Cramer Safe Company.

On January 27, 1909, the Cramer Safe Company owed defendant a large sum for which notes had been given. It also owed other creditors and was in financial straits. On the date mentioned it executed to defendant a bill of sale of all its property that it then had, and which it might acquire within one year from

that date, including the stock of safes held by it on consignment from the defendant. After the bill of sale was made the Cramer Safe Company kept its store open as usual and continued to do business under its name as before, and no possession of said store was taken by defendant under said bill of sale until June 24, 1909, nearly five months after it was executed. The instrument, although in form an out-and-out bill of sale, was in reality a mortgage, as shown by the evidence and the circumstances under which the defendant took possession.

On July 6, 1909, the other creditors of the Cramer Safe Company filed a petition against it in bankruptcy and on October 24, 1909, it was adjudged a bankrupt and plaintiff herein was appointed trustee, all within four months after defendant had taken possession of the stock under its alleged bill of sale. When defendant took possession it did not deliver up the notes it held against the Cramer Safe Company, but, as stated before, took possession as if the bill of sale were a mortgage, which it was as the evidence clearly showed.

A preliminary proposition submitted inferentially by defendant is that under no view of the evidence could the trial court find that the bill of sale was fraudulent in law or in fact.

The bill of sale was absolute on its face but was in fact a mortgage. It was given on a stock of goods in trade. It remained a secret matter between defendant and the Cramer Safe Company for nearly five months thereafter. No possession was taken of the stock under the bill of sale until after the expiration of that time. During that time the Cramer Safe Company was allowed to continue doing business in its own name and as apparent owner. When possession was taken by defendant it did so claiming to be absolute owner. Defendant also, notwithstanding its possession of said property and its ability to show exactly what was taken possession of and its value,

claimed that there was much less property than the other evidence showed there was. The effect of these acts was to perpetrate a fraud in law on the Cramer Company's other creditors without regard to whether the defendant was intentionally assisting in the fraud or not. Under a showing of these facts and other matters contained in the evidence, not necessary to further elucidate here, we would not be disposed to disagree with the trial court even if the decree showed that the bill of sale was considered by him fraudulent on this ground only. [Pattison v. Letton, 56 Mo. App. 325; Studebaker Mfg. Co. v. Elsey-Hemphill Co., 152 Mo. App. 401; Balke v. Swift, 53 Mo. 87; Rock Island National Bank v. Powers, 134 Mo. 432.] If it is fraudulent in fact or under State law it comes within the terms of paragraph A, section 67, National Bankrupt Act, since the debt it secures would not be a valid lien as against the claims of the creditors of the bankrupt. But it is necessary to consider the question whether the bill of sale is void under the bankrupt Act as being a preference by insolvent debtor made within four months of the filing of the petition in bankruptcy since it is very likely that this is the ground on which the chancellor held it void.

Defendant claims that the bill of sale is not a voidable preference because, 1st, the Cramer Safe Company was not shown to be insolvent at the time the bill of sale was given; 2nd, because the bill of sale was not given within four months of the petition in bankruptcy; 3rd, because its effect was not such as to enable the defendant to obtain a greater percentage of its debt than other creditors of the same class; 4th, that defendant had no reasonable cause to believe that it was intended thereby to give a preference. The Bankrupt Act as it existed in 1909, the date of the bill of sale, required all four of those elements or conditions in order to constitute a voidable preference.

An unbiased analysis of the evidence convinces us that it clearly shows the Cramer Safe Company was insolvent at the time the bill of sale was given. In addition to testimony showing that it was in a very bad way financially and likely to close its doors at any moment, which tended to show insolvency in the ordinary meaning of that word, there was evidence showing that, in addition to what it owed other creditors, it owed defendant on January 27, 1909, $3704.52 and on June 24, 1909, $3183.44, not counting interest and this, with its other debts, was more than all of its assets of every kind. The aggregate of its property at a fair valuation, therefore, was insufficient to pay its debts. This rendered it insolvent within the meaning of that term as used in the Bankrupt Act. [Par. 15, sec. 1; Remington on Bankruptcy, sec. 1343.]

The contention that, although possession under the bill of sale was taken within four months before the filing of the petition in bankruptcy, yet as it was executed more than four months prior thereto, this did not make the bill of sale void as a preference, is untenable. A correct interpretation of paragraphs A and B of section 3 and of paragraph B of section 60 of the Bankrupt Act, (which renders void any transfer which the transferee may have had reasonable cause to believe was intended to be a preference if given within four months of the filing of the petition,) discloses that the four months does not begin to run until the creditors have in some form received actual or constructive notice of the transfer. [Landis v. McDonald, 80 Mo. App. 348; In re Klingman, 101 Fed. 691; Babbitt v. Kelly, 96 Mo. App. l. c. 535.] So that the preference was made within the four months. To hold otherwise would enable a creditor to obtain the execution of an instrument thereby he would be enabled to secure a preference and then, merely by keeping it secret, evade or set aside the Bankrupt Law.

Equally untenable is the contention that the effect of the bill of sale was not such as to enable defendant to obtain a greater percentage of its debt than other creditors of the same class. The evidence discloses that this was the inevitable effect.

With reference to the contention that by the bill of sale it was not intended to give a preference, it might be said that it could be so held since that was so obviously and inevitably its effect. And, in this State at least, a person is presumed to intend the natural and probable consequences of his own act. Here it was not only the probable but the inevitable consequence of the debtors act that the creditor would be preferred. Of course this provision of the Bankrupt Act means that the debtor, the Cramer Safe Company, must have intended the preference and that the defendant must have reasonable cause to believe that it did so intend. [In re Nat'l Bank, 155 Fed. 100; Hardy v. Gray, 144 Fed. 922.] But the court is not confined to what the parties say about the transaction, but will look into the facts and circumstances under which the transfer was made in order to determine for itself whether the debtor intended a preference and whether defendant had reasonable cause to know the debtor's intention. The case of Tumlin v. Bryan, 165 Fed. 166, 21 L. R. A. (N. S.) 960, cited by defendant does not help it any. In that case the preference was a payment of money owed by a debtor to a creditor who, when it was received, did not know or believe that the debtor was insolvent, nor did he have any reason to believe the debtor thereby intended to prefer him to the injury of other creditors. This is vastly different from the case at bar where the creditor through its president knew the debtor was insolvent and did not merely receive a payment on the debt but *took all the property the debtor had* to "secure" its claim, and knowledge on the part of defendant's president that the Cramer Company was insol-

vent, is, of course, the knowledge of defendant. [In re Gillette, 104 Fed. 769.] Under these circumstances we fail to see how it can be contended that the creditor did not have reasonable cause to believe the debtor intended a preference. In this case the creditor had much more than merely some cause to suspect insolvency as was the situation in Grant v. Bank, 97 U. S. 80. The facts were different, and the same is true with reference to other cases cited on this point.

The objection that the petition is insufficient because it contains no allegation charging that the enforcement of the transfer would enable the creditor to obtain a greater percentage of his debt cannot be upheld. For even if it be conceded, which we do not, that the petition does not contain all the facts necessary to show a voidable preference, still enough has been stated to make it good after judgment, especially as it was not attacked in any way for insufficiency.

It is also contended that the evidence is not sufficient to warrant the amount of the money judgment. We have carefully gone through the entire record and find there is ample evidence to justify the learned chancellor in all of his conclusions. We have not deemed it necessary to set out the testimony, or even an extended analysis of it, as this would serve no good purpose and would render this opinion interminable.

Error is also claimed on account of the admission of certain of the Cramer Safe Company's account books and certain lists made up from these books. The purpose in offering the ledger accounts was in an attempt to hold the safes consigned by defendant to the Cramer Safe Company by showing that they were charged to the latter and treated as its property on its books. But the court held with defendant as to consigned safes. So that the admission of the ledger account cannot be held harmful even if it should be considered error. The other books were offered to show the indebtedness of the company, and they were

shown to have been kept by the company in the usual and ordinary course of business. This indebtedness was also shown by other evidence and was nowhere disputed. It is contended that it was erroneous to admit in evidence a statement or summary of the indebtedness shown by the books. But the books were themselves in evidence. The case was tried before the court and it is not pointed out wherein this summary was incorrect nor does it appear that the court relied upon the summary without verifying it by an examination of the books. At most this summary was but a convenience to the court which it could use or not as it chose. There is no error in the admission of evidence.

The final contention is that the finding and judgment is not responsive to nor authorized by the pleadings because the petition prayed that defendant be ordered and adjudged to account for and pay over to him the proceeds of the property sold and to turn over and deliver to him the remainder of the property or at his election, upon the trial, pay him the reasonable value thereof. But the petition stated facts, which, if established, would entitle plaintiff to either one of the alternative reliefs prayed for. The case is not like that of Schneider v. Patton, 175 Mo. 684, where the judgment was outside of and beyond the facts stated in the petition. Here the facts stated in the petition were sufficient to grant either relief and the alternative prayer was proper in view of the fact that at least three safes were sold by defendant, pending the suit, and another one disappeared. The fact that the prayer of the petition asked the court to give plaintiff the property or its reasonable value was justified by this evidence. And as to the other property not sold the court was not compelled to await plaintiff's election before rendering judgment. The property was and had been in the hands of defendant for some time and for this and other reasons the court

was perhaps justified in rendering judgment for its value instead of decreeing a return of the property itself. Besides, plaintiff made no objection to such judgment for the value and thereby it may be said to have made its election. But if it did not defendant is hardly the one to complain, especially at this time.

We have carefully gone through the evidence and authorities in this case and have examined both minutely in order to be in a position to properly dispose of the case. No good reason for disturbing the chancellor's decree has been found. It is accordingly affirmed. All concur.