## LEE HUNTER, Respondent, v. W. O. ANTHONY, Appellant.

### Springfield Court of Appeals, January 14, 1922.

FRAUDULENT CONVEYANCES: Conveyance to Bank Commissioner Held Fraudulent. In view of the rule that a conveyance of lands or transfer of personalty may be fraudulent, if, when in form absolute, it is secretly intended merely as security, a deed by defendant of all of his property to a bank commissioner, to pay or secure defendant's defalcation from, or debts to, an insolvent bank of which the commissioner had taken charge, *held* fraudulent, under Revised Statutes 1919, Section 1725.

Appeal from Pemiscot County Circuit Court.—*Hon. Sterling H. McCarty*, Judge.

AFFIRMED.

209 M. A. ]　　　　　(1)

*C. G. Shepard* for appellant.

(1) An attachment cannot issue on a demand not yet due on the ground of the defendant being a non-resident of the State of Missouri. Section 1726, R. S. 1919; Mastin et al. v. The First National Bank of Kansas City, 65 Mo. 16. (2) It was incumbent upon the plaintiff to show fraud in the conveyance made by defendant Anthony to Maxwell, the State Bank Commissioner and failing to show fraud the court should have given defendant's peremptory instructions at the close of all the evidence. Union National Bank of Chicago v. Mead Mercantile Co., 151 Mo. 149; Adler & Sons Clothing Co. v. Corl, 155 Mo. 149; Ernest Wolff Mfg. Co. v. Battrael Shoe Co., 192 Mo. App. 113. (3) Where the plaintiff fails to make a case to submit to the jury it is as much the duty of the court to sustain a demurrer or give a peremptory instruction to find for the defendant as it is the duty of the court to submit the case to the jury when sufficient evidence has been offered to make a case for the jury's consideration. Kropp v. Hermann Brewing Co., 138 Mo. App. 49; Gilmore v. Modern Brotherhood of America, 186 Mo. App. 445. (4) Only the defendant is entitled to put in issue the truth of the averments in the affidavit for attachment. Adler v. Anderson, 42 Mo. App. 197. (5) Defendant Anthony having the right to file plea in abatement and contest plaintiff's right of attachment had the right to appeal from the judgment rendered against him, even was his interest no more than that of appealing from the costs. State ex rel. v. Walker, 85 Mo. App. 247; Flannighan v. Hutheson, 47 Mo. 237. (6) Under section 1780, Revised Statutes 1919, all creditors of the defendant by permission of the court could appear and make such defenses as the defendant could make. Inasmuch as only the same defenses could be made by other creditors as could be made by the defendant, what reason is there for the other defendants to be made a party to the record when they can work in conjunction

with the defendant and try out with the plaintiffs his right of attachment without complicating the issues.

*Oliver & Oliver* for respondent.

(1) It would be a most intolerable obstruction to the operation of our courts and a paralyzation of their use if parties having no legal interest in the result of their judgment, order or decree, and not pecuniarily affected thereby, out of a spirit of pure sentiment or suspicion of possible anticipated harm indirectly flowing to them therefrom, should be permitted an appeal and to stay by *supersedeas* bond the hand of the court until their collateral grievance could be heard in this court. State ex rel. v. Talty, 139 Mo. 379; Sec. 1469, R. S. 1909. Othenin v. Brown, 66 App. 318, 320. (2) The court did not err in sustaining an objection to the question propounded to the witness calling for his conclusion. A witness should state the facts. It is province of the jury to draw conclusions from the facts. Nichols v. Winfrey, 79 Mo. 544, 546; Evans v. Green, 21 Mo. 170.

FARRINGTON, J.—This is a suit begun by the respondent in the circuit court of Pemiscot county against the defendant, appellant, on a note for $5000, having been executed by W. O. Anthony, the defendant, and one B. H. Wilhite. In aid of this suit an attachment was sued out, and among a number of grounds set up was the seventh ground under the statute, found in section 1725, Revised Statutes of Missouri of 1919, which was that the defendant had fraudulently conveyed or assigned his property or effects so as to hinder or delay his creditors. It appears from the record that Anthony owed the plaintiff this $5000 note. A judgment was had for that amount on the merits and no appeal was taken therefrom.

Anthony and Wilhite were officers in the Bank of Blytheville, of Blytheville, Arkansas. It appears from the record that they drew out, without any authority of law, large sums of the bank's money and appropriated

it to their own use. As a consequence, the bank became insolvent and the State Bank Commissioner of Arkansas took charge of its affairs.

Anthony owned an interest in 280 acres of land situated in Pemiscot county, Missouri, which is the subject of this attachment. A trial was had on the plea in abatement which was filed by Anthony and the cause was submitted to a jury, which found the issues for the plaintiff.

A number of errors are assigned in the trial of the cause, but the view we take of the case made by the documentary evidence and the undisputed evidence of the defendant would require that the court direct a verdict for the plaintiff. Therefore, the assigned errors going to the manner of trying the case are immaterial for a proper disposition of the case.

As stated before, it is shown that defendant Anthony owed the plaintiff, a resident of Missouri, the sum of $5000; that Anthony lived at Blytheville, Arkansas, and owned an interest in the land which was attached in this action. There is no room for sustaining the attachment on the ground of defendant not being a resident of the State, the debt not being due. That a deed, absolute on its face, conveying this land was made and delivered by Anthony to a grantee described in the deed as follows: "W. T. Maxwell, State Bank Commissioner in charge of the Bank of Blytheville, Mississippi county, Arkansas, his successors in office in charge of said Bank, and assigns." It is shown by the record that this deed not only conveyed this property which belonged to Anthony, but all other property of whatsoever kind and character and all property that Wilhite owned. The consideration named in the deed is One Dollar and other valuable considerations.

The view we take of this situation is as follows: Either this deed was an absolute conveyance of Anthony and Wilhite's property to the Bank Commissioner as payment of their defalcation and debts to said Bank, or it was a form of mortgage or security taken by the Bank

Commissioner for the purpose of better securing the debt owing by them to the Bank which was in his hands. Receivers, bank receivers, and those occupying positions of trustees in administering the affairs of insolvent banks, derive their powers either from statutory law or from courts that have appointed them, and any trustee or receiver, in order to accept property for money or to release debtors from debts, must certainly have some authority from the source appointing them before such acts would be valid and binding. For instance, a mere general power of receiver would not authorize him to take security for a fund which it was his duty to collect. (34 Cyc. 257), nor to compromise claims without an order of court or power given him by a statute. [See 34 Cyc. sub-section 6.]

There is no showing whatever in this case that the Bank Commissioner of Arkansas had any authority to accept real estate in Arkansas, Missouri, or elsewhere in payment of the debt which Wilhite and Anthony owed the Bank for which he was acting. In the absence of any such proof the natural presumption would be that where an officer engaged in the winding up of an insolvent bank had taken property from debtors, he was taking it in the form of security rather than as releasing the debt in lieu of the property. No other conclusion can therefore be reached than that if this deed was made between Anthony and Wilhite on the one hand and the Bank Commissioner of Arkansas on the other, as a payment for their indebtedness, the same would, in the absence of authority in such Commissioner to accept it, be a void transaction, and the result of such act would be the transferring of property without consideration, which in law as against a bona-fide creditor is fraud provided it would hinder or delay such creditor in the collection of his indebtedness, and in this case no other conclusion than that could be reached. On the other hand, if the Bank Commissioner was taking this deed merely as security and not as an absolute transfer of the property to him, but in the nature of a mortgage,

then the transfer takes on the form of a grantor on the face of a deed conveying all of his right, title and interest in the land but really in effect holding a secret title thereto subject to the mortgage or incumbrance made in favor of the grantee in such deed. This character of transaction is declared in Missouri to be fraudulent in law and a good ground for attachment under the seventh clause of the statute. [See Rock Island Nat. Bank v. Powers, 134 Mo. 423, 34 S. W. 869, 35 S. W. 1132.]

Cyc. lays down the rule as follows, Vol. 20, 566: "In some jurisdictions the rule has been laid down that a conveyance of lands or a sale of personalty made by an insolvent or embarrassed debtor is void against creditors where it is secretly intended merely as a security for a debt antecedent or contemporaneously contracted, although it is absolute on its face. And it is so held, although the claim secured equals or exceeds in value the property so taken in trust," citing in support of the rule Bank v. Powers, supra; Pattison v. Letton, 56 Mo. App. 325; Molaska Mfg. Co. v. Steele & Walker, 36 Mo. App. 495; Gill v. Ely-Norris Safe Co., 156 S. W. 811.

We must, therefore, hold that under the facts of this case, viewed from any angle, that in the making of this deed the defendant Anthony was guilty of fraudulently conveying his property so as to hinder or delay his creditors. The judgment will be affirmed.

*Cox, P. J.,* and *Bradley, J.,* concur.