## D. J. HUTCHINSON v. R. A. PATTERSON, Appellant.

**Division One, March 1, 1910.**

1. **ABSTRACT:** *Motion for New Trial: Exception.* The motion for a new trial and an exception to the overruling of the same, are a part of the bill of exceptions; the filing of the motion and the order of the court overruling it should be shown by the record proper. The record proper should not show the motion itself or the exception to the ruling thereon.

2. ————: ————: **Filing During the Term.** Where the abstract shows that the judgment was rendered on June 14th, and that the motion for a new trial was filed on the same day and by agreement of parties was taken up, considered and overruled, as "appears by record entries made at the term," it sufficiently shows that the motion was filed during the same term the judgment was entered. It is not necessary that the abstract state it was filed at "the same term," if that fact can be deduced from the other recitals.

3. ————: ————: **Affidavit.** Where the abstract sets out the record entry showing an affidavit for an appeal was filed, it will be presumed that the trial court examined it and found it sufficient, unless respondent brings it up for inspection by an additional abstract.

4. **Ejectment: Equitable Defense: Res Adjudicata.** If defendant in ejectment sets up an equitable cross-defense, praying affirma-. tive relief, and the court makes a decree sustaining that defense, the judgment will bar another ejectment by the same parties or their privies, and the matter becomes *res adjudicata* and cannot again be litigated by another ejectment.

5. ————: ————: ————: **Suit to Quiet Title.** And where the suit is in the usual form, to ascertain, adjudge and determine the title, under Sec. 650, R. S. 1899, and the judgment is for defendant, it is a bar to an action of ejectment by the same plaintiff or his privies. In such case it is the pleadings that determine the issues, and if they seek to have the title determined, the matter is *res adjudicata*, though the judgment is not in good form, yet it is responsive to the pleadings in finding "that plaintiff is not entitled to the relief sought and finds the issues for the defendant," and is final, and is sufficient to bar a subsequent ejectment.

6. ————: ————: ————: ————: **Calling a Jury: Converting Suit Into Ejectment.** A suit to quiet title is to be tried like an equity suit, though it is not strictly speaking of equitable origin; but as in other equity suits, the chancellor can call a jury, if he so choose, but he is not bound by their verdict, and can set it aside and render judgment for the opposite party. But the calling of a jury does not convert the suit into an action in ejectment.

·7. **EVIDENCE: Deed By Receiver.** The recitals in a receiver's deed are not *prima facie* true.

8. ————: ————: **Approval By Court: Appointed By Comptroller.** A sale purporting to have been made by an order of a circuit court of this State is a judicial sale, and is not complete until approved by the court; and where a deed recites that the receiver of the bank was appointed by the comptroller of the currency, and he claims in making the sale of land to be acting under an order of a circuit court of this State, he must conform to the laws of this State, and his deed in order to be admissible in evidence must be approved by the said court; and that should be the ruling, though the laws of Congress do not expressly require a receiver's deed to be approved, and whether or not he is a public officer.

Appeal from Macon Circuit Court.—*Hon. Nat. M. Shelton*, Judge.

REVERSED AND REMANDED.

*H. J. West, Fred Lamb* and *Gilbert Lamb* for appellant.

(1) The judgment of the Saline Circuit Court adjudging this title in appellant and not in James Barry, was final and concluded Barry and his grantee, the respondent, who had absolute notice of the judgment. The court erred in striking this special plea from appellant's answer and in refusing to permit him to show the facts under the general denial contained in his answer. Johnson v. Realty Co., 167 Mo. 339; Edmondston v. Carter, 180 Mo. 515; Darnell v. Wright, 147 Mo. 639; Jamison v. Martin, 184 Mo. 426; Ball v. Wolfolk, 175 Mo. 285; Garrison v. Frazier, 165 Mo. 44; Lumber Co. v. Jones, 220 Mo. 197. (2) The proceeding under sec. 650, R. S. 1899, was designed to settle and determine titles, whether in possession of either party or not. Whatever may be adjudicated in this proceeding is final. The exception to the general rule, that "one ejectment between the same parties for the same land and upon the same state of facts is no bar to a further action in ejectment" has no application to the facts in this case. If Barry's title, if any he had, had been adjudicated out of him he could convey none to this respondent. See cases cited under point one. (3) The judgment of the Saline Circuit Court, whatever may be the state of appellant's title, concludes the respondent from making a further claim to the land as against appellant. Utter v. Sidman, 170 Mo. 301; Lane v. Dowel, 172 Mo. 167. (4) The recitals in the deed from Walter Johnson, receiver of the First National Bank of Kansas City, were not evidence that Johnson was receiver for the bank, that he was acting under the orders of the court in making the sale, or that the sale was approved by the court. Its admission in evidence over the objection of appellant was error. 23 Am. and Eng. Ency. Law (2 Ed.), pp. 1082, 1083; Lawless v. Stamp, 108 Ia. 601; International and G. N. R. Co. v. Moore, 32 S. W. 379 (Tex.

Civ. App.); 10 Ency. of Ev., 659; 12 Ib. 550; Cook v. Hockelman, 45 Mo. 317; Reeds v. Marton, 9 Mo. 879; Abbott's Trial Brief (2 Ed.), p. 505; Taylor v. Railroad, 45 Minn. 66; Ward v. Lumber Co., 70 Wis. 445; Hill v. Draper, 10 Barb. 454; McKinnon v. Bliss, 21 N. Y. 206. (5) The deed from James Barry to Dan. Hutchinson does not pass title to D. J. Hutchinson, the respondent, and the judgment of the court should have been for the appellant. Turner v. Gregory, 151 Mo. 100; Vincent v. Means, 184 Mo. 327. (6) The plaintiff in an ejectment suit must stand on the strength of his own title. Snuffer v. Howerton, 124 Mo. 637; Marvin v. Elliott, 99 Mo. 616; Harwood v. Tracy, 118 Mo. 631.

*C. C. Hammond* and *J. A. Collet* for respondent.

(1) No error was committed by the court in striking out the portion of defendant's answer. The part so stricken out showed it was tried as an ordinary suit in ejectment and was so treated by both plaintiff and defendant and the court before whom same was tried. (a) If not a suit in ejectment then there was no final judgment under the pleadings in the case. The judgment must conform to and be justified by the pleadings. Schneider v. Patton, 175 Mo. 690. (2) Where parties treat an action as being of a certain character, and other parties acquire rights thereafter, relying on the judgment so rendered, they are estopped from changing front in further litigation. Clark v. Bettelheim, 144 Mo. 258. (3) One judgment in ejectment is not a bar to another with ouster laid at different times, even between the same parties. Clark v. Bettelheim, 144 Mo. 258. (4) The court committed no error in permitting plaintiff to read the deed from Johnson as receiver, especially under the objection that was made. The fact that Johnson was receiver was not questioned, and the only objection as appears by the record, is as

follows: "We object to the introduction of that deed, because there is no proof of the authority of Walter Johnson, the receiver, to make the deed." (5) No question about Johnson being receiver of the First National Bank having been raised on trial, it leaves the record admitting he is such receiver, and being so, he was an officer of the United States. Case v. Terrell, 11 Wall. 199; Cockrill v. Cooper, 86 Fed. 205; Cockrill v. Cooper, 30 C. C. A. 223; Austen v. Bank, 174 U. S. 125; Gilbert v. McNulta, 96 Fed. 83; Armstrong v. Ettlesohn, 36 Fed. 209. (6) Johnson being receiver of the First National Bank, being an officer of the United States, all the usual intendments and presumptions that apply to official acts apply to all his acts within the purview of his authority. Hence he is presumed to have obtained the order of the circuit court to make the sale of the land in question. Ivy v. Yancey, 129 Mo. 509; Lord Halifax Case, Bull N. P. 298a; Long v. Joplin Co., 68 Mo. 431; State ex rel. v. Mastin, 103 Mo. 508. (a) Under the National Banking Act there is nothing requiring the circuit court to do more than make the order of sale. The sale does not have to be approved after it is made. Besides no objection was made to this deed on the ground that the sale was not approved by the circuit court. (b) Furthermore, the recitals in the deed are prima facie true and in the absence of any countervailing evidence, are sufficient to support the deed. Birge v. Bock, 44 Mo. App. 77; Wharton's Ev., sec. 210. (7) The attempted point that the deed from James Barry to Danl. Hutchinson does not pass title to D. J. Hutchinson was not raised when the deed was read, but the bill of exceptions shows the deed was read without objection.

VALLIANT, J.—Ejectment for 120 acres of land in Chariton county. There was a judgment for the plaintiff and defendant appealed. The petition is in

the usual form. The answer admits possession, asserts title and denies other allegations in the petition; then it pleads that in 1905 one James Barry, then claiming to own the land in question in fee simple, filed a suit in the circuit court of Chariton county against this defendant to quiet title under section 650, Revised Statutes 1899; that defendant answered, denying title in Barry, asserting it in himself, and praying judgment that he go and recover his costs, which suit resulted in a judgment in favor of defendant, from which judgment no appeal was taken; that that suit was instituted at the instance of the plaintiff in this suit to clear the title to enable Barry to consummate a sale of the land which this plaintiff had already negotiated, and he was fully cognizant of the proceedings and result therein; that after that judgment he took from Barry a deed conveying all the title Barry had to the land. The pleadings and proceeding in the Barry suit are fully set forth in the answer and the judgment is pleaded as *res adjudicata* in bar of this suit. Plaintiff filed a motion to strike out all that part of the answer relating to the Barry suit, and the court having sustained the motion, defendant saved his exceptions. The point was also well preserved in the motion for a new trial.

At the trial the plaintiff traced title from the State to Chariton county and thence to the First National Bank of Kansas City. Then plaintiff offered a deed purporting to be a conveyance of the land from "Walter Johnson, receiver of the First National Bank of Kansas City, Missouri," to John Ross. To this offer defendant objected "because there is no proof of the authority of Walter Johnson, receiver, to make the deed." Plaintiff's counsel replied, "The deed recites the appointment, I think that is prima facie." The court overruled the objection and defendant excepted. Plaintiff then read the deed and introduced other deeds bringing the title of Ross down to plaintiff and rested.

. Defendant offered the record in the Barry case already mentioned, with proof as to the plaintiff's knowledge of it, which, on objection of plaintiff, was excluded and defendant excepted. Defendant then introduced evidence tracing his title from one Thomas Ferguson and wife and parol testimony tending to show adverse possession for thirty years, and plaintiff in rebuttal offered evidence contra to the adverse possession.

I.   We will first consider certain objections respondent makes to appellant's abstract.

a.   The motion for new trial and the exception to the overruling of the same are fully set out in the bill of exceptions; the filing of the motion and the order of the court overruling the same are shown by the record proper. That is just as it should be. Respondent is mistaken in supposing that the record proper should contain the motion or the exception.   [Harding v. Bedoll, 202 Mo. l. c. 630.]

b.   Respondent also thinks that the abstract does not show that the motion for new trial was filed during the same term the judgment was rendered, but in this also he is mistaken. The abstract shows that the judgment was rendered 14th June, 1907, and it also shows that on the same day the motion for new trial was filed, and by agreement of parties was taken up and considered and was by the court overruled as "appears by record entries made at the term."

The abstract does not say in so many words that that was the same term, but it does say it was done by the court on the same day and so entered of record. That is quite sufficient. The same is true in regard to the objection that the abstract does not show that leave to file a bill of exceptions was given by the court during the same term. The abstract does show it.

c.   The point is also made that the abstract does not set out the contents of the affidavit for appeal.

The abstract does set out the record entry showing that an affidavit for appeal 'was filed and $10 docket fee deposited on the 14th June, and at the same term of court, and the appeal was granted and leave to file appeal bond within ten days was granted. If respondent thought the affidavit was not sufficient he could have called the attention of the trial court to it or he could have brought it here by an additional abstract for our inspection. As it is we will presume that the trial court examined the affidavit and found it sufficient before making the order allowing the appeal. [State ex rel. Brown v. Broaddus, 216 Mo. 336; Elliott v. Delaney, 217 Mo. l. c. 26.] The abstract is sufficient.

II. Was it error to strike out all that part of the defendant's answer relating to the Barry case and sustain plaintiff's objection to the introduction of that record in evidence? That is the question of chief importance in the case. Respondent contends that the Barry suit amounted only to an action in ejectment and therefore the judgment was no bar to another ejectment suit between the same parties for the same land. It is true a judgment in a mere ejectment suit is not a bar to another suit in ejectment, because ejectment is an action for possession, and a party might not be entitled to possession at one time, yet so entitled at another time. A judgment in an ejectment suit, if for the plaintiff, is simply that he recover possession of the land and damages and rents; if for the defendant, it is that the plaintiff take nothing by his writ and the defendant go free and recover his costs. But if the defendant in ejectment sets up an equitable cross-defense, praying affirmative relief which would bar the plaintiff's action at law, and the court makes a decree sustaining the equitable defense, that becomes *res adjudicata* and cannot be litigated again between the same parties or their privies in another

suit. For example, if a defendant, when sued in eject-
ment, knows that his adversary has a deed which,
at law, would entitle him to recover, but knows also
that the deed was the result of fraud, accident or mis-
take, he may file an answer containing what would
amount to a bill in equity attacking the validity of
the deed and praying its cancellation, and if the decree
should be in his favor cancelling the deed and decree-
ing it to be thenceforth of no effect, that matter would
be. *res adjudicata* and could not be litigated again un-
der the shield of another ejectment suit. At the com-
mon law a defendant in such case would have to go into
a court of chancery with an original bill to obtain the
relief, while under our code system he may litigate
his equitable claim in the ejectment suit, but the re-
sult reached is the same in both systems, and the
decree puts the question at rest in the one as well as
in the other. [Jamison v. Martin, 184 Mo. 422; Bier-
man v. Crecelius, 135 Mo. 386; Sampson v. Mitchell,
125 Mo. 217 l. c. 230; St. Louis v. Schulenburg, 98 Mo.
613; Preston v. Rickets, 91 Mo. 320.] We do not see
anything in Clark v. Bettelheim, 144 Mo. 258, to which
we are referred, in conflict with what we have above
said.

The Act of 1897, now section 650, Revised Statutes
1899, is a statute designed especially to quiet titles,
to put them at rest, to end all controversy about them.
It is in the same spirit as the ancient chancery bill to
quiet title, it only enlarges the scope of that bill. In
Ball v. Woolfolk, 175 Mo. 278 l. c. 285, the court said:
"The proceeding is provided to settle just such ad-
verse claims in order that the parties may have their
rights judicially ascertained and set at rest." There
is nothing more adverse to the purpose of that statute
than that the parties should be allowed to litigate again
the matters that were to be adjudged in that proceed-
ing. Whilst the suit authorized by section 650, Revised
Statutes 1899, is a statutory proceeding and therefore

cannot, strictly speaking, be called a suit in equity, yet the nature of the proceeding is such that it often involves matters that a court of equity is alone qualified to consider: to examine titles and determine questions of law that affect their validity, just the character of judicial work that led to the establishment in English jurisprudence of courts of chancery. When such is the case it must be treated as 'we would treat a suit in equity, and such was the Barry case and so the trial court treated it. In that case the pleadings were closely in conformity with the requirements of the statute; the petition stated that the plaintiff (Barry) claimed to own the fee simple title to the land (describing it), that defendant claimed some interest or estate in it adverse to that of the plaintiff; "Wherefore plaintiff prays the court to try, ascertain and determine the interest and title of the plaintiff and defendant respectively, in and to said property, and by its decree adjudge, settle and define whatever interest the several parties plaintiff and defendant herein may have in and to said real estate, and for all proper relief." The answer of the defendant denied that plaintiff had any title and asserted that defendant owned the fee simple title and was in possession. The final judgment was: "And the court finds that plaintiff is not entitled to the relief sought for and finds the issues for the defendant. It is therefore considered and adjudged by the court that the plaintiff take nothing by his action herein, and that defendant have and recover of plaintiff his costs herein expended and have execution therefor."

The judgment was not in good form, but it responded to the pleadings, saying it "finds the issues for the defendant" and adjudges that the plaintiff take nothing by his action. What were the issues? The pleadings show. Those issues are found for the defendant. What did the plaintiff seek at the hands of the court? To have the title decreed to be in him; yet the court said he could take nothing and should

pay the cost. Both parties seemed satisfied with the
judgment as no appeal was taken. Respondent now
says there was no final judgment in that case. Sup-
pose at the next term of court he had asked for a
retrial of the same issues or had asked an entry of a
different judgment, was it in the power of the court
to have granted the request? Or suppose at the next
term he had brought another suit, on a duplicate of
that petition, could he have maintained it? Suppose a
plaintiff should file a suit in equity charging that de-
fendant had in his possession a deed which he had ob-
tained by fraud and which clouded the plaintiff's title
and praying to have it surrendered and cancelled, and
defendant answered admitting his possession of the
deed, but denying the fraud, and suppose after a trial
the court should enter a judgment simply reciting a
finding of the issues for the defendant and dismissing
the plaintiff's bill and adjudging the costs for defend-
ant, could the plaintiff afterwards contend that the
question of the validity of the deed was not adjudged
because there was no express mention of it in the judg-
ment? We hold that the judgment in the Barry case was
a final one and that its effect was to settle the title in
favor of the defendant, and it cannot now be litigated,
by Barry or by one in privity of estate with him.

Plaintiff also contends that the parties tried the
Barry case as if it were an action in ejectment and
therefore it became an action in ejectment. In sup-
port of this contention attention is called to the fact
that the parties called for a jury and the court so
ordered, that the verdict of the jury was in favor of
the plaintiff, Barry, but the court set the verdict aside,
or refused to be governed by it and rendered its own
finding and judgment as above stated. It being as we
have already said a cause to be tried like an equity
suit, the court could call a jury if it so chose, but was
not bound by the jury's finding. But how could that
proceeding have the effect to convert a suit in which

the pleadings unquestionably presented a cause for quieting title, into an action of ejectment? If pleadings leave a case in so much doubt that it is difficult to determine whether it is one thing or another, we may yield to the interpretation put on it by the parties as shown by their manner of trying it, but where the petition and answer leave no room to doubt the character of the suit or the nature of the issues to be tried it cannot be changed by the manner of trial. We see nothing, however, in the proceedings in the Barry case to indicate that the parties treated it as an action in ejectment; the mere fact that a jury was called is not a very unusual course in an equity suit, and the chancellor in that case showed very clearly by his action in reference to the jury's verdict that he treated the suit as one in equity. We hold that defendant had a right to introduce the record in that case in evidence and show if he could that the plaintiff was in privity of estate with Barry.

III. It was error to allow the plaintiff to read in evidence the deed from Walter Johnson, receiver, without first showing his authority to make the deed. Respondent contends that there was no objection on that ground when the deed was offered, but he is mistaken on that point. The objection was: "because there is no proof of authority of Walter Johnson, receiver, to make the deed." The deed was admitted on the ground that its recitals were prima facie true. Our statute makes the recitals in a sheriff's deed prima-facie evidence of their truth, but the statute does not extend to receivers. The deed recites that he was appointed receiver of the bank by the comptroller of the currency of the United States; if so, the fact is easy of proof, but the court could not take judicial cognizance of that fact. The sale purports to have been made by order of the circuit court of Jackson county; if so it is a judicial sale and is not complete until approved by the court. [23 Am. and Eng. Ency. Law

(2 Ed.), pp. 1083-4.] In respondent's brief it is said that the laws of the United States do not require a receiver's sale to be approved; that may be, but here is a receiver claiming to be acting under an order of a circuit court of this State, and he must conform to the laws of this State in so acting. A State court derives its law of procedure and its rules of evidence not from an act of Congress, but from the law of the State. The learned counsel say the receiver was an officer of the United States and his acts are entitled to the same presumption of regularity as those of other public officers. Without deciding whether or not a receiver appointed by the comptroller of the currency is a public officer it is enough to say that in this instance his act in question is not offered to rest on the presumption that he acted in conformity with the law prescribing the duties of his office, if it were, and if his act were covered by that presumption, no recitals would be necessary, he could just make the deed without reference to his authority, but here the offer is based on the supposed presumption that his recitals are true. Our sheriffs are public officers and the presumption of regularity and conformity to law applies as well to their acts as to the acts of other public officers, yet the recitals in a sheriff's deed are received as prima-facie evidence of their truth only by force of our statute. This receiver (assuming that he was receiver) did not claim to have made this deed solely by virtue of his authority as receiver under appointment by the comptroller of the currency, but by order of the circuit court of Jackson county. If that is so then the record of that court will show the order; the contents of the court's record cannot be proven by such recitals or even by oral testimony.

The point is made that the Danl. Hutchinson mentioned in the deed cannot without proof be presumed to be D. J. Hutchinson the plaintiff. As the cause is to be retried it is unnecessary to consider that point.

The judgment is reversed and the cause remanded to be retried according to the law as herein expressed. All concur.