## ALICE EMMERT v. MAX ALDRIDGE et al., Appellants.

Division One, November 30, 1910.

1. RES ADJUDICATA: Quieting Title: Basing Interest on Another Right in Partition. An adjudication of a defendant's interest in lands in a suit to quiet title is binding upon him in a subsequent suit in partition. Whatever avenue of evidence through which the trial court could have seen title in him should have been opened in that suit, and if not opened then he cannot have it opened in any subsequent suit. If the court in that suit decreed that he was the owner of the dower and homestead of a widow for and during her natural life, he cannot in the partition suit be heard to contend that her husband acquired the property in 1857, and that under the law of 1865 her homestead, upon his death, was an absolute estate in fee.

2. ————: Reopening Abstract Proposition. Where the decree in the suit to quiet title, unappealed from, adjudged the homestead to be a life estate, the court will not, in a subsequent suit in partition, determine whether the widow's homestead in land acquired by her husband in 1857 was a life estate or a fee. Whether it was the one or the other, the defendant, who acquired the homestead by purchase, was adjudged by that decree to have only a life estate, and can in no event be adjudged to own a larger estate.

Appeal from Schuyler Circuit Court.—*Hon. Nat M. Shelton,* Judge.

Affirmed.

*Fogle & Fogle* for appellants.

*Higbee & Mills* for respondent.

GRAVES, J.—The present action is one in partition seeking the division of one hundred and twenty acres of land in Schuyler county. The petition avers that one Charles Aldridge died in 1903 seized of this

land, and then charges that the plaintiff and defendants are the heirs at law of the said Charles, and such persons as have purchased from his widow and heirs at law. The respective interests of children and grand children are pleaded and set out. The prayer is for the sale of the premises and partition of the proceeds. In the petition it is averred that the defendant Lewis Starbuck had, since the death of Charles Aldridge, acquired the homestead interest of the widow and whatever right some of the heirs had in the property.

By answer, defendant Max Aldridge admits that he has parted with his interest to defendant Starbuck.

The answer of Starbuck and the reply really make the issues in the case.

Starbuck, by answer, pleads (1) a general denial, (2) that he is the absolute owner of one forty which he describes, and (3) that he owns in fee three-elevenths of the other two forties.

By prayer he asks the court to abate this suit until he can try the rights of title to the forty claimed absolutely by him, and further asks that, if this request be refused, then all his interests be set off to him in contiguous parts.

By amended answer, Max N. Aldridge claimed to have bought the interest of two of the heirs since the institution of the suit.

The reply is short and best speaks for itself thus:

"Plaintiff for reply admits that defendant Starbuck is the owner of three-elevenths of land described in the petition by having acquired the interests of Max Aldridge, Irwin L. Aldridge and Charles L. Aldridge, but denies that he has any other or greater interests in said lands.

"Plaintiff denies that the defendant Max Aldridge has acquired the interests of Ann I. Munn or Hannah M. Matley in said lands.

"Plaintiff avers that the several interests of the parties to this action were ascertained and determined

by this court by the judgment rendered in the case of Wm. F. Aldridge et al. vs. Aldridge et al. at the May term of this court, 1907; that by said judgment it was duly determined that defendant Starbuck had three-elevenths interests in said land and no more."

The decree of the circuit court referred to in the foregoing reply was one entered upon a retrial of the cause after an opinion of this court in the recent case of Aldridge v. Aldridge, 202 Mo. 565. The original suit was one to quiet title under section 650. In that case Starbuck was one of the defendants and litigated the case. The details can be gathered from our recent opinion.

The part of the decree upon retrial of the cause which strikes at the rights of Starbuck, thus reads:

"Now on this 7th day of May, 1907, this cause again coming on for hearing, the parties, plaintiffs and defendants, appear, and in obedience of the mandate of the Supreme Court reversing the judgment of this court rendered in this cause on May 13, 1904, said judgment is set aside, and the cause being submitted to the court, after hearing all the evidence the court finds that Lewis M. Starbuck is the owner of the homestead and dower estate of Amelia J. Aldridge, widow of Charles Aldridge, deceased, in the premises described in plaintiff's petition, to-wit: northeast one-fourth of southwest quarter and northwest one-fourth of southeast quarter of section 3, and northeast one-fourth of southwest quarter of section ten, township sixty-four, range fourteen, in Schuyler county, Missouri, for and during the life of Amelia J. Aldridge, and that subject to said homestead and dower the parties hereto are each seized in fee of the following undivided interests respectively in said premises, to-wit: William F. Aldridge, Alice Emmert, whose full name is Charity Alice Emmert, Elsie A. Meeker, Ohio R. Meeker, Anna I. Munn, Hannah M. Matley, and Solomon G. Aldridge of an undivided one-eleventh part thereof; that Earl M.

Wray and Ellsworth C. Wray are each seized of an un-
divided three-elevenths parts of said premises, and the
homestead and dower interests aforesaid. It is there-
fore considered and adjudged that said several parties
hereto are each seized of said respective interests in
said premises, as aforesaid, and it is further adjudged
the plaintiffs recover the costs of this action from de-
fendants and that execution issue therefor.''

This decree was never appealed from and was
pleaded and placed in evidence in the partition case
now before us.

From the record it appears that Starbuck is claim-
ing the absolute title to forty acres of the land because
this particular forty was acquired by Charles Aldridge
in 1857, and that Charles and his wife Amelia lived
upon it as their homestead since that time to the death
of Charles in 1903. The exact contention is briefly
stated by counsel thus:

"Lewis Starbuck now contends that he is the
owner in fee of the above described forty acres of land
for the following reasons:

"(a). Under the laws of Missouri of 1865, the
wife of Charles Aldridge was entitled to a fee in her
homestead interests in said land.

"(b). Subsequent enactments of the Legislature
of Missouri could in nowise affect the interests Amelia
Aldridge had in the lands of her husband acquired
prior to the date of said enactments.

"(c). Having conveyed all her homestead rights
to defendant, Starbuck, he is therefore entitled to the
fee in the described forty acres of land.''

Plaintiff contends the title was fully adjudicated
by the former decree.

The result of the trial *nisi* resulted in a decree of
partition as prayed for by the plaintiff's petition, de-
fendant Starbuck appealing to this court upon the one
question just hereinabove quoted from brief of his
counsel. The question as to the abatement of the suit

until his title could be tested by ejectment seems to have been lost sight of in the trial below and is not pressed here. The plea of abatement seems to have been waived and to have dropped out of the case. Plaintiff, as above stated, among other things urges former adjudication.

I.   One sufficient answer may thus be made to the contention of the defendant, Starbuck. In the former suit to declare title the trial court by its decree above quoted undertook to and did adjudicate all the interest that Starbuck had in this property. In such decree his interest is clearly and thoroughly defined by the court. The purpose of the suit under section 650 was to have his interests determined and they were determined. This decree, unappealed from, as it is, should end the matter. It cannot be attacked in this, a collateral proceeding.

Defendant Starbuck, however, in the course of the trial urged that the question he now urges here was not litigated in the former suit. That is to say, he now contends that the question as to whether or not he took an absolute title to this homestead forty acres was not litigated in that case. It is useless to go over the old case to see just what was litigated. The final judgment shows that Starbuck's title was litigated. If Starbuck neglected to open up to the trial court one avenue of evidence through which said avenue the trial court could see title in him, it is too late to urge it now as against this plea of *res adjudicata.*

In the recent case of Spratt v. Early, 199 Mo. 1. c. 500, this Court In Banc said: "What is urged in the present action could have been urged in the former action. The first action involved the whole lot, and this a part of the lot. The parties are identical; and the exact contention made in this suit could have been made in the other. Plaintiff did not deem it proper, for reasons perhaps best known to himself, to make the

contention. That he could have presented the matter
goes without question. When evidence was introduced
as to the homestead rights of Mrs. Duffy, for the pur-
pose of disrobing the conveyance of the alleged fraud,
the plaintiff could have shown and should have shown
tl.at there was an excess over and above the homestead
interest, which could be impressed with the fraud.
Had he done so, this court would have said so in the
former opinion. Parties cannot be permitted to try
their cases by piecemeal. Whatever should have been
in the first case, for the purpose of passing upon the
question of former adjudication, will be considered to
have been there.''

In the Spratt case, we called attention to the case
of Donnell v. Wright, 147 Mo. l. c. 647, whereat Judge
Brace for the court reviewed the case law upon the
subject, and succinctly announced the rule thus: ''The
plea of *res adjudicata* applies, except in special cases,
not only to points upon which the court was actually
required by the parties to form an opinion and pro-
nounce judgment, but to every point which properly
belonged to the subject of litigation, and which the par-
ties, exercising reasonable diligence, might have
brought forward at the time.''

We therefore say that when Starbuck was called
into court in the case under section 650 to have his
title ascertained and determined he should have dis-
closed to the court all of his avenues of title whatever
they may have been. If he had title to this one forty
acres by reason of the homestead act of 1865, and the
deed from Mrs. Aldridge, it was his duty to have
urged the matter to the court at that time. Under the
rule the matter has been as fully adjudicated as if it
had been specifically tendered and adjudicated. It was
but one method by which he could show his alleged title
to the court. A litigant having several defenses to

plaintiff's claim of title, can not split them up and litigate them by piecemeal in several different suits.

The plea of former adjudication in this case is good, and within itself requires the affirmance of the present judgment.

II. But let us make another suggestion upon the question of *res adjudicata* before disposing of defendant's contention. In the old case under section 650 defendant claimed and was adjudged title in fee simple by the lower court. He rested his title upon two documents, (1) a document by which Charles Aldridge purported to convey to Amelia Aldridge the one hundred and twenty acres for life, with remainder to a son, Charles L. Aldridge, and (2) a deed from Amelia, the widow, and Charles L., the son. By our opinion, 202 Mo. l. c. 575, the first instrument was held void. If, therefore, when the case came up for retrial in the circuit court defendant had other claims of title he would be derelict in not urging them.

Defendant contends that under the homestead act of 1865 the widow had a vested right to a peculiar prospective homestead interest, which subsequent legislation as to homesteads could not change. It may be that an interesting discussion could be made on the point, but why make it, if we are right in the conclusions reached in our first paragraph. If we reach a conclusion adverse to the contention the result is an affirmance, and if we reach as a result a conclusion favorable to defendant's contention on this abstract question, yet the result is an affirmance of the judgment. We are so well satisfied with the views expressed on the question of *res adjudicata,* that we will leave a discussion of the vested-right question to a case where it becomes the sole determining issue.

III. Another interesting feature of the vested-right question in this particular case might be suggest-

ed.  Under the admissions, Charles Aldridge acquired and settled upon this land in 1857.  He and his wife occupied the land to 1903, when Aldridge died.  Our first exemption statute relating to the wife's interest in the homestead seems to be section 11 of the Act of March 23, 1863.  [Laws 1863, p. 23.]  Under this section she only took a life estate.  Then came the Act of 1865 and later the Act of 1875 and its subsequent amendments.  Note then that when Mrs. Aldridge actually settled upon this land as a prospective homesteader she had no homestead rights.  Then the Act of 1862-3 gave a life estate only.  Then came the Act of 1865 giving a fee estate, and then the Act of 1875 and subsequent acts returning to a life estate.

*Quaere*: When did the vested right of Mrs. Aldridge attach, if there be such a thing as a vested right in a prospective future homestead for the wife?  We leave the suggestion with counsel.

Upon the whole this case has been well tried and the judgment will be and is affirmed.  All concur.