MABEL EGAN v. GEORGE WOELFEL AND MAMIE WOELFEL, Appellants, ET AL.—18 S. W. (2d) 50.

Division Two, June 4, 1929.

*T. J. Rowe* for appellants.

28

*Gillespie & Dempsey* for respondent.

WHITE, J.—The plaintiff filed suit in the Circuit Court of the City of Saint Louis, the purpose of which was to determine title to a lot, described, in said city, the plaintiff claiming a dower interest in the property, as the widow of Thomas Egan, deceased.

The petition alleges that Thomas Egan, plaintiff's deceased husband, acquired the said property by warranty deed dated July 3, 1918, from the Standard Real Estate Company, a corporation, and that January 7, 1919, while said Thomas Egan was sick and confined

to his home, the defendant, George Woelfel, without any consideration obtained possession of the said warranty deed, and for the purpose of defrauding the plaintiff of her right and interest in said property and defrauding Thomas Egan of his right and interest in the property, erased the name of Thomas Egan as grantee and inserted the name of George Woelfel, and filed the same for record January 7, 1919. Wherefore the plaintiff prayed the court to ascertain and determine the title and adjudge the respective rights, titles and interests of the parties.

Defendants Woelfel filed answer in which they denied that George Woelfel obtained possession of the warranty deed described in the petition, without consideration, and denied that any warranty deed was made to Thomas Egan, deceased, or that he acquired any title by warranty deed dated July third, and denied that George Woelfel erased the name of Thomas Egan, as grantee, and inserted the name of George Woelfel, or that the defendants filed the same for record on January 7, 1919.

The answer then alleges that Thomas Egan, July 3, 1918, for valuable consideration delivered to George Woelfel and Mamie Woelfel a warranty deed by which the Standard Real Estate Company conveyed the real estate described in the petition to George Woelfel, and that from and after July 3, 1918, the defendants George and Mamie Woelfel paid all taxes, general and special, that were then due and a lien on the said real estate, and have ever since paid all taxes, general and special, that have been assessed against the said real estate, all amounting to $700.

The reply denied the allegations of the answer.

At the time of Thomas Egan's death he left surviving him no children, but left his widow, the plaintiff; a sister Mamie Woelfel, defendant; a brother, William T. Egan; a half-sister, Nellie St. Cyr; and a niece, Florence Kemp, daughter of a deceased sister. William T. Egan died intestate since the death of Thomas Egan, leaving as his only heir the defendant James W. Egan. It appears that James W. Egan was made party defendant, but that Florence Kemp and Nellie St. Cyr were not made parties. James W. Egan filed a separate answer.

The plaintiff introduced evidence to prove that Thomas Egan purchased the land in dispute from the Standard Real Estate Company on monthly payments, and had a sort of pass book in which were entered his payments. The plaintiff testified that she kept the book and went to the office of Cornet & Zeibig and made the monthly payments until the total purchase price was paid; that she received a deed executed by the Standard Realty Company in which that Company conveyed the land to Thomas Egan; that Thomas Egan's name was in the deed at the time as grantee. That George Woelfel came

to her about October, 1918, and told her that her husband had sent him for the deed for the purpose of recording it; that she gave him the deed and never saw it afterwards; that it was an exact copy of the deed, a certified copy of which was introduced in evidence, except that Thomas Egan was grantee instead of George Woelfel.

One Henry Cornet testified that he was a member of the firm of Cornet & Zeibig, and that he was president of the Standard Realty Company. That his record showed purchase by Thomas Egan of the land in dispute for $500 on monthly payments, and showed the payments were made and the deed executed; that the deed must have been made to Thomas Egan or else a transfer would have appeared on his books. The certified copy of deed introduced in evidence showed it was acknowledged by Henry L. Cornet as president, and attested by Frederick G. Zeibig, as secretary.

The defendant Woelfel, being incompetent, was not permitted to testify as to the allegations of the answer that Thomas Egan delivered to him the deed in that form, but he did testify to the payment of the general and special taxes on the property. Other evidence was introduced to corroborate the plaintiff's statement in support of her theory. The trial court rendered judgment March 15, 1926, finding that the Standard Realty Company, July 3, 1918, conveyed the land in dispute to Thomas Egan, and that George Woelfel, without consideration, obtained possession of the deed and fraudulently changed the name of the grantee. The court then adjudged the title to be as follows: Mabel Egan, dower in the property; Mamie Woelfel, an undivided two-sevenths interest; James W. Egan, an undivided two-sevenths interest; Florence Kemp, an undivided two-sevenths interest; Nellie St. Cyr, an undivided one-seventh interest; all subject to the dower interest of Mabel Egan, and that the defendants should pay the cost of the proceeding.

The defendants thereupon appealed to this court.

I. Nellie St. Cyr and Florence Kemp were not named parties plaintiff or defendant. It is claimed by defendants that the court had no jurisdiction to render a decree in the case without first having them join as parties plaintiff or defendant. We are unable to see how this objection affects the defendants. If the defendants desired to take advantage of the defect of parties they should have done so by demurrer to the petition because the defect appears on the face of the petition. [Sec. 1226, R. S. 1919.] They are not in position to complain now. Of course Nellie St. Cyr and Florence Kemp are not bound by the judgment. Since the court properly adjudged and determined the title as to the other parties, defendants, the judgment is binding upon the parties to the proceeding.

II. The appellant further assigns error in that the court could not entertain the cause because Mabel Egan, having only dower interest in the property, could not maintain an action to quiet title under Section 1970. Appellant cites in support of that position Brawford v. Wolfe, 103 Mo. 1. c. 398, where it is held that a widow, previous to her election, had no estate, but merely a right of action. That on the theory that under Article XV of Chapter 1, Revised Statutes 1919, the widow has certain rights in her deceased husband's real estate, dependent upon whether or not he had child or children, and dependent upon her election to take under the statutes in lieu of dower.

Section 321, Revised Statutes 1919, provides that if the husband shall die without any child capable of inheriting, his widow shall be entitled to one-half the real and personal estate belonging to the husband at the time of his death, subject to the payment of the husband's debts. And Section 325, as amended by Section 357 in the Act of 1919 (Laws 1919, p. 104), provides that the widow in such case is entitled to an election under the provisions of Article XV, and that such election should be made by declaration in writing, acknowledged and filed in the office of the clerk of the court in which letters testamentary or of administration shall have been granted, within six months after the first publication of notice of granting the same. Such declaration shall also be filed in the County Recorder's office within nine months after the grant of the same. Otherwise, she should be endowed under the provisions of the preceding sections of this Article.

Several years had elapsed from the time of Thomas Egan's death until this suit was filed and it does not appear that the plaintiff made any election, nor does it appear that there was any administration. So the defendant's point seems to be based upon the theory that there may yet be administration and the plaintiff may yet elect, and not having elected no right is vested in her. We may assume that the appellant is correct as to the facts regarding no administration and election.

Section 1970 provides that "any person claiming any title, estate or interest in any real property, whether the same be legal or equitable, certain or contingent, present or in reversion or remainder, whether in possession or not, may institute an action," to determine title. It uses every possible term to describe an estate in land and in addition includes the word "interest." This must apply to an interest which does not amount to an estate. A widow's dower is a vendable interest under Section 316. Prior to the revision of 1889 she could not transfer her unassigned dower and the Brawford case arose before that. We think, therefore, there was no doubt that she had such an estate as entitled her to maintain this action.

III. Appellant makes the further point that the court should have taken account of the general and special taxes which Woelfel has paid, amounting to more than six hundred dollars. The tax receipts were introduced in evidence. If George Woelfel was entitled to such relief he did not ask it in his answer. The allegation appears as quoted above, in the same sentence in which he alleges that the deed in question was made directly to him by the Standard Realty Company as if in support of his title. No doubt defendants have a remedy as against their co-tenants of which they may avail themselves. But they have not here asked relief on that account. The sole defense as alleged in the answer is that neither the plaintiff nor anyone else has any title or interest except the defendant George Woelfel. No affirmative relief of any kind is prayed.

The judgment accordingly is affirmed. All concur.