**James Handy MOORE, et al.,
Appellants,**

v.

**Abner Mansfield BECK, Personal Representative of the Estate of J. Abner Beck, Deceased, and Abner Mansfield Beck, Individually, Respondents.**

**No. 69923.**

Supreme Court of Missouri,
En Banc.

Sept. 13, 1988.

Rehearing Denied Oct. 18, 1988.

James E. Reeves, Caruthersville, for appellants.

Jeffrey C. Vaughan, Charleston, Glenn A. Burkart, Springfield, for respondents.

DONNELLY, Judge.

This is an action to quiet title.

On October 14, 1982, the Circuit Court of Mississippi County entered a judgment declaring the Moores owners in fee simple of the following described real estate located in Mississippi County, Missouri:

All that part of the South Half of Section 4, Township 26 North, Range 18 East in Mississippi County, Missouri, lying between the fuse plug lands and the old right of way line of Levee District No. 1 of Mississippi County, Missouri, as it existed in 1920, EXCEPTING THEREFROM the following described tract:

Commencing at the intersection of the original levee right of way line and the East–West Quarter line of Section 4, Township 26 North, Range 13 [sic] East, Mississippi County, Missouri; thence East 300 feet, more or less, to the low water mark of the Mississippi River; thence in a Southwesterly direction following the low water mark of the Mississippi River a distance of 300 feet, more or less, to an intersection with the said right of way line of the said original levee; thence North 450 feet, more or less, to the point of beginning, and Also EXCEPTING THEREFROM the following described tract: Commencing at the intersection of the West right of way of original levee with the section line between Section 4 and Section 9, Township 26 North, Range 18 East, Mississippi County, Missouri; thence North 50 feed [sic], more or less, to the low water mark of the Mississippi River; thence in a generally Northeasterly direction along the said low water mark to an intersection with the West right of way line of the said original levee; thence along the said right of way line in a general Southwesterly direction a distance of 600 feet, more or less, to the point of beginning, *all as shown on survey of Martin A. Lucas.* (Emphasis added).

In *Moore v. Beck,* 664 S.W.2d 15, 20 (Mo.App.1984), the Southern District of the Court of Appeals affirmed and noted:

Defendants properly point out that the description of the land, as contained in the trial court's judgment, is faulty. The description refers to "Range 13 East" when the proper language is "Range 18 East." There may be, as defendants claim, other errors in the description. The record does not provide this court with the information necessary to correct them. Appropriate instructions with respect to same will be contained in this court's mandate.

In its mandate, the court remanded with directions:

Paragraph 1 of the judgment of the trial court, entered October 14, 1982, shall be deleted and in its stead a new paragraph 1 shall be inserted. Said new paragraph shall recite that the plaintiffs are the owners in fee simple and that the defendants have no interest in certain described real estate located in Mississippi County, Missouri. The description of that real estate shall be prepared by the trial court after consultation with the attorneys for the parties. Additional evidence may be taken for the sole purpose of insuring the accuracy of said description. Said description shall consist of the description of Tract A (as set forth in the opening paragraph of the opinion of the Missouri Court of Appeals) with two excepted tracts. The first excepted tract shall consist of the real estate lying generally east of that part of the original levee referred to as Part No. 1 by witness Martin Lucas at p. 33 of the transcript on appeal. The second excepted tract shall consist of the real estate lying generally east of that part of the original levee referred to as Part 2 by witness Martin Lucas at p. 34 of the transcript on appeal.

The foregoing descriptions of the first excepted tract and the second excepted tract respectively are not intended to constitute, and do not constitute, the legal descriptions of said excepted tracts. The foregoing descriptions furnish the basis on which accurate legal descriptions of the two excepted tracts may be formulated.

On December 7, 1984, the trial court conducted a hearing at which Martin Lucas, Charles Ice and Abner M. Beck testified. Lucas is the County Surveyor of Mississippi County. Ice is the County Surveyor of New Madrid County.

Plaintiffs' Exhibit 1 was identified as the survey made by Lucas prior to the trial in 1982.

Plaintiffs' Exhibit 2 was identified as the survey made by Ice after remand by the Court of Appeals.

Plaintiffs' Exhibit 3 was identified as the survey made by Lucas after remand by the Court of Appeals.

Lucas and Ice agreed that a bearing call in Plaintiffs' Exhibit 1 was erroneous and

that Plaintiffs' Exhibit 3 corrected this error. Lucas and Ice disagreed as to the location of the west right of way line. Plaintiffs' Exhibit 3 (the corrected Lucas survey) places the west right of way line at the west base of the levee. Plaintiffs' Exhibit 2 (the Ice survey) places the west right of way line 100 feet west of the west base of the levee.

The trial court entered judgment and Beck appealed to the Southern District of the Court of Appeals. We transferred the cause from the Court of Appeals and reversed the trial court. *See Moore v. Beck*, 730 S.W.2d 538 (Mo. banc 1987).

On remand, and as pertinent here, the trial court declared:

[T]hat defendants [Becks] are the owners of that land lying east of the aforesaid west right-of-way line of Old Levee District No. 1 of Mississippi County, Missouri, as shown by said Figure 1 attached hereto and made a part hereof and as described by metes and bounds as follows:

### NORTH TRACT

A tract of land in the fractional SW ¼ of Section 4 T26N R18E Mississippi County, Missouri more particularly described as follows: begin at the W ¼ corner of said Section 4, thence N89° 44'E 1726.35 feet along the east-west ¼ Section line of said Section 4 to the point of beginning to describe the tract, being its NW corner; thence continue N89°44'E 295.72 feet along said ¼ Section line to the right bank of Mississippi River; thence S27°32'W 399.28 feet along said right bank of Mississippi River; thence S19°21'W 277.20 feet along said right bank of Mississippi River; thence N1°48'W 614.53 feet to the point of beginning containing 1.90 acres.

### SOUTH TRACT

A tract of land in the fractional SW ¼ of Section 4 T26N R18E Mississippi County, Missouri more particularly described as follows: begin at the SW corner of said Section 4, thence East 904.18 feet along the south line of Section 4 to the point of beginning to describe the tract; thence continue East 186.88 feet along the south line of Section 4 to the right bank of Mississippi River; thence the following seven courses along said right bank of Mississippi River: N28°39'E 177.41 feet, N30°45'E 99.68 feet, N18°05'E 260.78 feet, N17°01'E 385.36 feet, N14°32'E 103.63 feet, N14°43'E 114.39 feet, N17°09'E 67.45 feet; thence S25°18'W 712.26 feet; thence S30°23'W 567.17 feet to the point of beginning containing 2.76 acres.

This appeal followed from the entry of said judgment.

It must be said that the trial court complied with the directions from this Court; its metes and bounds descriptions of the "North Tract" and the "South Tract" were taken from Figure 1 which was attached to the opinion of this Court and which appears in 730 S.W.2d, at 542. Unfortunately, this Court erred. Figure 1 is a copy of Plaintiffs' Exhibit 2 (the Ice Survey). Figure 1 should have been a copy of Plaintiffs' Exhibit 3 (the corrected Lucas survey).

The 1982 judgment, which is res judicata here, adopted the right of way line "as shown on survey of Martin A. Lucas" (Plaintiffs' Exhibit 1) and as corrected by authorization of the Court of Appeals by the second Lucas survey (Plaintiffs' Exhibit 3).

This Court erred in locating the right of way line according to Plaintiffs' Exhibit 2 (the Ice survey) because Plaintiffs' Exhibit 2 varies materially from Plaintiffs' Exhibit 3 (the corrected Lucas survey) and because Plaintiffs' Exhibit 3 (the corrected Lucas survey) was authorized by the Court of Appeals. This Court cannot vary from it. *See Smith v. Preis*, 396 S.W.2d 636, 640 (Mo.1965).

The judgment is reversed again and the cause is remanded with directions to enter the following judgment:

Ordered, Adjudged and Decreed as follows:

1. That the Plaintiffs are the owners of fee simple and that the defendants have no

interest in the following described real estate located in Mississippi County, Missouri, to wit:

All that part of the South Half of Section 4, Township 26 North, Range 18 East in Mississippi County, Missouri, lying between the fuse plug lands and the low water mark of the Mississippi River; Excepting therefrom the following described tracts.

Tract 1: Beginning at the intersection of the East–West Quarter line of Section 4, Township 26 North, Range 18 East of Mississippi County, Missouri, and the West Boundary line of Section 4, Township 26 North Range 18 East of Mississippi County, Missouri, follow the East–West Quarter line East a distance of 1826.4 feet to the point of beginning of Tract 1. From the point of beginning of Tract 1 proceed on a line S1°48'E to the low water mark of the Mississippi River, said line being a portion of the West right-of-way line of Old Levee District No. 1 of Mississippi County, Missouri, as it existed in 1920; then proceed in a Northeasterly direction following the low water mark of the Mississippi River to the intersection of the low water mark of the Mississippi River and the East–West Quarter line of Section 4, Township 26 North, Range 18 East of Mississippi County, Missouri; then proceed West along said East–West Quarter line to the point of beginning.

Tract 2: Beginning at the Southwest corner of Section 4, Township 26 North, Range 18 East of Mississippi County, Missouri, proceed East along the South boundary line of Section 4, Township 26 North, Range 18 East of Mississippi County, Missouri, a distance of 1020 feet to the point of beginning of Tract 2. From the point of beginning of Tract 2, proceed along a line N30°23'E a distance of 729.14 feet, said line being a portion of the West right-of-way line of Old Levee District No. 1 of Mississippi County, Missouri as it existed in 1920; then proceed along a line N25°18'E to the low water mark of the Mississippi River, said line being a portion of the West right-of-way line of Old Levee District No. 1 of Mississippi County, Missouri, as it existed

in 1920; then follow the low water mark of the Mississippi River in a Southwesterly direction to the intersection of the low water mark of the Mississippi River and the South boundary line of Section 4, Township 26 North, Range 18 East of Mississippi County, Missouri; then proceed West along said South boundary line of Section 4 to the point of beginning.

2. The defendants have no interest in the estate or title, either legal or equitable, in or to the herein above described real estate.

3. The defendants are hereby forever enjoined and restricted from asserting, claiming or setting up right, title or interest in the land herein above described.

4. The costs herein are taxed equally between plaintiffs and defendants.

BILLINGS, C.J., ROBERTSON, RENDLEN and HIGGINS, JJ., and CONLEY, Special Judge, concur.

BLACKMAR, J., concurs in separate opinion filed.

WELLIVER, J., not sitting.

BLACKMAR, Judge, concurring.

We made a mistake the first time this case was here, *Moore v. Beck*, 730 S.W.2d 538 (Mo. banc 1987). It is unfortunate that counsel were not able to appear at the time set for argument because of weather conditions, and so submitted the case on briefs. Most of the cases on our docket are specially selected because problems of substance or procedure in the court of appeals disposition. Those in which our appellate jurisdiction is mandatory are of a kind selected by the framers of the judicial article because of specially perceived importance. Argument is very helpful to us in the prompt and effective disposition of cases.

Figure 1, attached to our prior opinion, contains a built-in assumption that the 100–foot levee was located in the center of the 300–foot right of way. This assumption is not based on any testimony in the record, or of any finding of fact of the trial court, but apparently comes from the surveyor who prepared the exhibit for use at a hearing following remand by the court of appeals. The result is contrary to the 1972 judgment which antedated the present liti-

gation, and to the initial 1982 judgment, which required modification in respects not here material. *Moore v. Beck*, 664 S.W.2d 15 (Mo.App.1984). We properly take this occasion to make correction.

This is not a case in which we should dismiss a request *for correction of* an earlier opinion in the case by the observation that the prior holding established the "law of the case." We usually do not reexamine points which have been disposed of by an earlier appeal, even though the litigation is still live in the sense that there is no final, affirmed judgment. The doctrine of law of the case is not ironbound. It is "somewhat a matter of discretion" which "must be applied to the needs of justice with a flexible, discriminating exercise of judicial power ..." 5B C.J.S., Appeal and Error, Sec. 1964, p. 556. Exception to the doctrine is specially indicated when the opinion on the first submission misconstrues an earlier, final judgment, and counteracts the effect of that judgment. *Res judicata* is stronger than "law of the case."

I concur in the reversal and remand.